### GEORGE G. GREEN

*v.*

### CHARLES E. CAPPS *et al.*

*Filed at Mt. Vernon June 18, 1892.*

1. DEED—*absolute in form—burden of proof to show it does not convey complete title.* Where a deed apparently invests the grantee and his heirs with the complete title to the interest in the land which it purports to convey, the burden will rest upon the grantor to show that in fact it does not have the effect it purports to have.

2. LIMITATIONS—*when foreclosure of deed taken as a mortgage is barred, redemption is barred.* If the Statute of Limitations bars the foreclosure of a deed taken as a mortgage, it will also bar a redemption from the deed or mortgage, for the reason that the right to redeem and the right to foreclose are reciprocal, and when the one is barred the other is also barred.

3. Where the time limited for the redemption from a deed absolute on its face, though in equity a security, has expired, the grantee's equity in the premises will be gone, and the legal title passed by the deed becomes absolute, and must prevail. So when the statute bars a bill to redeem from an absolute deed taken as a security, the grantee in such deed will need no foreclosure to cut off the equity of redemption, and the absolute title will pass by it.

APPEAL from the Circuit Court of Jefferson county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. GEORGE B. LEONARD, for the appellant:

The deed having been made as a security, is a mortgage. *Fitch* v. *Wetherbee,* 110 Ill. 475; *Darst* v. *Murphy,* 119 id. 343; *Workman* v. *Greening,* 115 id. 477.

A conveyance once a mortgage is always a mortgage. *Life Ins. Co.* v. *White,* 106 Ill. 67; *Bearss* v. *Ford,* 108 id. 16.

A conveyance by mortgage is only an outer garment, the note or debt secured being the body of the transaction. *Life Ins. Co.* v. *White,* 106 Ill. 67; *Vansant* v. *Allmon,* 23 id. 30; *Pardee* v. *Lindley,* 31 id. 174; *Olds* v. *Cumings,* id. 188.

The existence of a mortgage debt is essential to the life of the mortgage. When the debt is paid, discharged, released or barred by the Statute of Limitations, the mortgage is extinguished. *Emory* v. *Keighan,* 88 Ill. 482.

The mortgage debt is barred in sixteen years under our statute, and when barred the right to foreclose is gone. *Pollock* v. *Maison,* 41 Ill. 516; *Locke* v. *Caldwell,* 91 id. 417; *Emory* v. *Keighan,* 94 id. 543.

That Ebenezer Capps could not maintain an action upon this note after the year 1886, or ten years after its execution, can not be denied, and if barred in law, it is even so here, as the limitation, in equity, follows the law. *School Directors* v. *School Directors,* 105 Ill. 653; *Bell* v. *Johnson,* 111 Ill. 374; *Gibbons* v. *Hoag,* 95 id. 45; *Casner* v. *Walrod,* 83 id. 171; *Pierce* v. *McClellan,* 93 id. 245; *Manning* v. *Warren,* 17 id. 267; *Quayle* v. *Guild,* 91 id. 378; *Hancock* v. *Harper,* 86 id. 445.

Mr. C. H. PATTON, for the appellees:

The *laches* of appellees is such as to bar their rights. By the long delay to assert any rights under the deed they will be held to be abandoned. *Hough* v. *Coughlan,* 41 Ill. 131; *Rose* v. *Swan,* 56 id. 40; *Alexander* v. *Hoffman,* 70 id. 119; *Walker* v. *Douglas,* id. 452; *Irish* v. *Antioch College,* 126 id.

484; *Hedenburg* v. *Jones,* 73 id. 149; *Walker* v. *Ray,* 111 id. 320; *Maher* v. *Farwell,* 97 id. 56.

The statute (Rev. Stat. 1874, p. 675, sec. 11, and Starr & Curtis' Stat. p. 1550, sec. 11,) provides that an action to foreclose a mortgage shall be barred in ten years from the maturity of the debt, and this is also held by the courts. *Schifferstein* v. *Allison,* 123 Ill. 664; *Jones* v. *Lander,* 21 Bradw. 510.

The note was due February 16, 1886, hence it was barred, and had been for about five years before this suit was brought. But the courts hold that where the debt is barred the right upon the mortgage is barred, whether it be by bill to foreclose, or by *scire facias,* or by ejectment. *Pollock* v. *Maison,* 41 Ill. 521; *Emory* v. *Keighan,* 88 id. 482.

But all such authorities refer to actual mortgages, where the mortgagee is bound to take some active steps in order to render his mortgage security available to himself to get the legal title to the land unless redeemed from, in order to collect his debt. But this is a constructive mortgage, if one at all, and that doctrine, in this case, applies to appellant, Green, and he is the one to take some active step to regain his title before he is barred. That "active step" or affirmative relief is just what appellant is now asking for, as complainant in his cross-bill; but because he was barred by statute when the debt was barred, he can not now allege anything against our title by absolute deed.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellees filed their bill in chancery, for partition, in the court below. Appellant answered the bill, denying that appellees were seized of any interest in the land therein described, and alleging that the deed, under which they claim title in the ancestor of whom they sue as heirs-at-law, was, in fact, but a mortgage, and that the debt it was given to secure was barred by the Statute of Limitations before the filing of

.the bill. The same facts were set up in a cross-bill which appellant filed in the case after answering the bill. To this appellees filed an answer denying the allegations and pleading the Statute of Limitations. Appellant contended then, and he argues in favor of that contention now, that though the deed is absolute on its face, yet inasmuch as he has proved, by parol, that it was in fact executed as security for the payment of a debt to which the Statute of Limitations might have been successfully pleaded in an action at law for its collection before the filing of appellees' bill, appellees' title has become extinguished and they are consequently not entitled to partition, and the deed should be set aside under the prayer of his cross-bill. The court below decreed otherwise.

Waiving all questions whether the facts are as contended by appellant, which is by no means free of doubt, we are of the opinion that appellant is in error as to the effect, in equity, of the facts upon which he relies. For sixteen consecutive years before the filing of appellees' bill, they, and the ancestor under whom they claim, paid all taxes assessed against the land, and there is no pretense that appellee has acquired title to the land by reason of adverse actual occupancy of it. Appellant concedes that the deed, regarded as a mortgage, could not have been foreclosed when this bill was filed, because the indebtedness it was given to secure was then barred by the Statute of Limitations. But if the Statute of Limitations then barred a foreclosure, it, for the same reason, barred a redemption from the deed, regarded as a mortgage, for the right to redeem and the right to foreclose are reciprocal, and when the one is barred the other is barred. *Locke* v. *Caldwell,* 91 Ill. 417; Jones on Mortgages, (2d ed.) sec. 1146, and cases cited in note 1 to that section. .

Inasmuch as the deed apparently invested the ancestor of appellees with the complete title to the interest in the land which it purported to convey, the burden was upon appellant

19—142 ILL.

to show that, in fact, it did not, have the effect it purported. He therefore attempted to establish, and now insists that he has established, not that the deed is void at law, but that he has an equity in the land, notwithstanding the apparent absoluteness of the deed to the contrary. What is that equity? Not to say that the deed was void or vested no title, nor yet to say that it has since become void, and therefore that the title vested by the deed has terminated and so has reverted, (there is not the slightest ground for that pretension,) but *to redeem* from the deed, as a mortgage,—that is, by paying the debt and interest thereon for which the deed was given as security, to have a conveyance back to him of the legal title. (*Heacock et al.* v. *Swartwout,* 28 Ill. 291.) Since the deed is absolute on its face, no affirmative action is required by those who hold under it. Unless it shall be set aside, their title is perfect. Appellant's right, being simply the equity of redemption, is necessarily barred when the Statute of Limitations bars a bill to redeem. His equity being gone, all of his rights are gone, and the legal title must prevail. While the presumption from the lapse of time is, that that which upon its face professes to be a mortgage is discharged because the debt it secures is presumed to be paid, the presumption from lapse of time is, that that which upon its face professes to be an absolute deed is so in fact, and in neither case the Statute of Limitations being pleaded and relied upon as a defense, as it is here, will a court of equity, any more than a court of law, allow the contrary to be proved. *Westfall* v. *Westfall,* 16 Hun, 541.

The decree is affirmed.

*Decree affirmed.*