## Homer Gaines v. Rachel Ann Heaton, Widow, etc., et al.

1. CHANCERY PRACTICE—*Offers of Settlement in Answers.*—Where a defendant in a chancery proceeding makes an explicit offer of settlement of the matters in litigation in his answer, and affixes to such offer a condition that it be accepted by a certain time, the court has no authority, after the time for acceptance has expired, to extend it, nor to change the rate of interest provided in the offer.

2. MORTGAGES—*Can Not Exist Where There is No Indebtedness.*—There can be no mortgage unless there is a debt to be secured by it.

Bill for Relief.—Error to the Circuit Court of Knox County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1901. Reversed and remanded, with directions. Opinion filed January 24, 1902.

WILLIAMS, LAWRENCE & WELSH and FRANK H. GAINES, attorneys for plaintiff in error.

SHUMWAY & RICE, attorneys for defendants in error.

Gaines v. Heaton.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a bill in chancery filed by the widow and heirs at law of Edward Smith Heaton, deceased, against Homer Gaines, alleging that Heaton in his lifetime procured a loan from Gaines of $8,863, and to secure payment of the same, caused to be conveyed to Gaines on December 21, 1883, by an absolute deed of conveyance, certain lands in Knox county, Illinois; that Heaton was in possession of said lands at the time of said conveyance and had been for a long time prior thereto, and that he continued in the possession of the same until the time of his death, which occurred June 19, 1899; that Heaton in his lifetime paid Gaines large sums of money, amounting in the aggregate to a sum almost equal to the amount borrowed; that Gaines now pretends that said lands were not conveyed to him as security for the repayment of said sum of money, and claims to own the same in fee.

The complainants in the bill offer to pay whatever shall be found due Gaines on an accounting and ask for a conveyance to them of said premises, free from all liens or incumbrances placed thereon by Gaines. Gaines by his answer denies that the deed in question was made to secure him for the repayment of a loan to Heaton; admits that Heaton remained in possession of the premises, but avers that Heaton's possession was that of a tenant of Gaines under a contract to pay rent, and that at the time of his death Heaton was indebted to respondent in a very considerable amount for back rents; denies nearly all the other material allegations of the bill in detail but admits that he, Gaines, claims to be the owner of the lands mentioned. The answer also contains an offer on the part of Gaines— "in consideration of the alleged poverty of the complainants," that in case they will pay him the amount of his investment in the premises, with interest from the date of his purchase at the rate of seven per cent per annum and the costs of suit, he will sell and convey the premises to any person who will pay him that amount therefor, and pay any excess he may receive to the widow of said Edward S.

Heaton, the transaction to be closed on or before March 1, 1900. This answer was filed February 17, 1900. The master to whom the cause was referred found in favor of Gaines. Exceptions were filed to the report of the master, and on June 1, 1901, defendants in error amended their bill, offering to pay the amount which should be found due Gaines, together with interest at " the rate of seven per cent," and such costs as the court should consider right and proper. On July 2, 1901, the court entered a decree finding that defendants in error had accepted the offer in the answer of Gaines above referred to, and were entitled to redeem on compliance with the terms of said offer. The case was therefore re-referred to the master to state the account between the parties. On the following day the master filed an additional report finding the amount due from defendants in error to Gaines at that date to be $11,242.34. A decree was thereupon entered directing defendants in error to pay Gaines said sum of money on or before November 1, 1901, together with interest thereon from the date of the decree at the rate of five per cent per annum, and that upon such payment being made Gaines execute a deed for said premises to defendants in error.

To reverse this decree Gaines brings the suit to this court. The decree was based entirely upon the proposition of settlement made by Gaines in his answer and its supposed acceptance by defendants in error. The merits of the case were in no wise passed upon by the court and the exceptions to the master's report appear to have been undisposed of. The proposition made by Gaines was practically an offer to settle the suit and save the costs. He had a right to prescribe his own terms in making such an offer. The proposition was explicit that the transaction should be closed by March 1, 1900, but it was not until fifteen months after the expiration of the limitation made that the offer was accepted by defendants in error, if indeed there was any acceptance.

In the meantime the proofs had been taken, expenses had been incurred for solicitor's fees and the cause had been

Gaines v. Heaton.

determined by the master in favor of Gaines. The offer had expired by its own terms and defendants in error had no right after that length of time to accept it. The court had no authority, at the time when the offer is claimed to have been accepted, to extend the time of compliance with it to November 1, 1901, neither did it have authority to allow interest at the rate of five per cent per annum as provided for in the decree, when the offer provided for the payment of interest at the rate of seven per cent per annum.

In no event could Gaines have been properly held by the decree to be bound by terms other than those named in his offer. Carpenter v. Plagge, 192 Ill. 82. It is to be noted also, there is nothing in the bill as amended about the offer made by plaintiff in error or any acceptance thereof.

The amendment was in the prayer of the bill and referred only to the rate of interest, which was asked to be computed at the rate of seven per cent per annum.

For the reasons above named the decree was erroneous and must be reversed.

From an examination of the proofs in the case, however, it also appears that defendants in error failed to make such a case upon the merits as to entitle them to a decree in their favor. Where one seeks to have a deed absolute upon its face declared a mortgage, he must show by clear and convincing proof that the parties intended the transaction to be a mortgage and not an absolute deed. Story v. Springer, 155 Ill. 25; Hancock v. Harper, 86 Ill. 445.

There was nothing in the deed itself in this case, to show that it was intended to be a mortgage, and the burden was therefore upon the defendants in error to show that in fact it did not have the effect it purported to have. Green v. Capps, 142 Ill. 286; Carpenter v. Plagge, *supra*.

Heaton once owned the lands in question. He mortgaged them to parties represented by one Ford. The mortgages were foreclosed and the lands sold in satisfaction of the debt. Ford afterward became the owner of the title acquired by the foreclosure. Gaines held a second mortgage on some of the lands. For his own protection he

bought the premises of Ford, paying all that Ford and his clients held against the property. Sixteen years elapsed before this bill was filed. Defendants in error made Gaines their own witness and he testified that Heaton had nothing to do with the purchase of his property and did not know of it until after the purchase was made; that he afterward rented the land to Heaton and Heaton remained his tenant until the latter's death. There is some evidence of conversations occurring many years ago which have some tendency to show that the relation between Gaines and Heaton was not simply that of landlord and tenant. This proof, however, was all of an unsatisfactory and uncertain character, and the evidence offered by defendants in error taken alone, and as absolutely true, would not have enabled the court to have determined what the arrangement was, either between Heaton and Ford or between Heaton and Gaines. There were also certain facts in evidence which entirely overcame this loose testimony. There can be no mortgage unless there is a debt to be secured by it. Rue v. Dole, 107 Ill. 275. There is nothing in this record to show that after the foreclosure of the mortgage Heaton ever became bound to pay Ford or his clients, or Gaines, any portion of the indebtedness included in their foreclosures. As neither Ford, nor his clients, nor Gaines, could have maintained a suit against Heaton to recover for the indebtedness included in the foreclosure, the deed could not have been a mortgage to secure these sums.

After the deed was made to Gaines, Heaton applied for insurance upon the buildings upon the farm. The application was made in the name of Gaines by Heaton as his agent. It stated that Gaines was the sole and undisputed owner of the property and that the buildings were occupied by a tenant, which could only mean Heaton, as he was in possession. Heaton caused his wife, one of the defendants in error here, to sign the application "Homer Gaines, applicant, by E. S. Heaton, agent."

One Lawton did some grubbing upon a portion of the land and afterward brought suit against Heaton for the

pay. On that trial Heaton testified that the place belonged to Gaines and that in hiring Lawton he was acting as Gaines' agent.

Shortly before Heaton's death Gaines had an interview with him in a room in the dwelling house on the farm where Heaton lived. After they had talked awhile Heaton opened the door and called in Fred Becker, who was in another room of the house. Becker testified that they both told him on that occasion "that the land—the farm—belonged to Gaines," that "the land was Gaines'," that "he was the owner of the farm."

Such being the proof shown by the record, it is impossible that defendants in error could have a decree in their favor.

The decree is reversed and the cause remanded, with directions to the court below to dismiss the bill for want of equity.

Reversed and remanded, with directions.