IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1904, AND MAY TERM, 1905, IN THE EIGHTY-NINTH YEAR OF THE STATE.

---

## CASSELL *v.* LOWRY.

[No. 20,419.   Filed December 16, 1904.]

1. LIENS.—*Vendor and Purchaser.*—*Contract.*—The lien of a vendor for unpaid purchase money arises from the principles of natural justice and equity, and is created for the purpose of securing the unpaid purchase money. It is not a contract relation, but arises by implication of law. p. 3.

2. LIMITATIONS.—*Bills and Notes.*—*Vendors' Liens.*—The ten-year statute of limitations is a good defense to an action on a note given for unpaid purchase money, and is also a good defense to a vendor's lien, the security for such note. p. 4.

3. SAME.—*Purpose.*—The statute of limitations, being a statute of repose, and not of payment, is available only as a defense, and can not be used as a cause of action. p. 4.

4. SAME.—*Vendor's Lien.*—Equity will not assist a plaintiff in canceling or annulling a vendor's lien, barred by the statute of limitations, by quieting his title. p. 5.

5. QUIETING TITLE.—*Equitable Nature of.*—A suit to quiet title, though triable by a jury, is governed by equitable principles, and one who seeks to quiet his title must show that he has done equity. p. 6.

6. SAME.—*Vendor and Purchaser.*—*Limitations.*—Where the vendee brings suit to quiet his title as against his unpaid vendor, and such vendee pleads the statute of limitations as a defense to the vendor's cross-complaint to foreclose a vendor's lien, judgment should be given against plaintiff on his complaint and against defendant on his cross-complaint. p. 6.

From Benton Circuit Court; *Joseph M. Rabb,* Judge.

Cassell *v.* Lowry.

Action by Abram Lowry against Horace G. Cassell. From a decree for plaintiff on his complaint and against defendant on his cross-complaint, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed in part, affirmed in part.*

*Charles M. Snyder,* for appellant.
*Burton B. Berry,* for appellee.

HADLEY, J.—Lowry, the appellee, brought this action to quiet his title to two lots in the town of Boswell, alleging that he was the owner in fee, and that the defendant claimed an adverse interest therein, which claim was unfounded and a cloud upon the plaintiff's title. Cassell, the appellant, in addition to the general denial, in substance answered that on October 5, 1889, he conveyed by warranty deed to the plaintiff the identical real estate described in the complaint; that at the time of the conveyance the plaintiff paid all the purchase price except $100, for which he executed to the defendant his promissory note for $100, due six months after date; that no security of any kind was taken or received, but he (defendant) reserved his vendor's lien against the property, and which constitutes the cloud upon the plaintiff's title of which he complains; that said debt is due and wholly unpaid; that the plaintiff's wife was a sister of the defendant, and she, on December 26, 1896, paid the defendant $20 on said indebtedness, which he duly credited; that on account of said kinship, and believing and relying upon the payment of said $20 as having been made with the knowledge and consent of the plaintiff, and accepting said payment as indicating the plaintiff's purpose to pay the defendant as soon as he conveniently could, and believing he intended to do so, the defendant forbore to sue for said purchase money. Prayer that the plaintiff take nothing, etc. The court sustained a demurrer to the answer, and no exception was reserved. The defendant, however, pleaded the same facts,

in various forms, with some elaboration, in four paragraphs of cross-complaint. In all these paragraphs he alleged the insolvency of the plaintiff, and prayed for a declaration of his vendor's lien and for an order of sale. The plaintiff's separate demurrer to each paragraph of the cross-complaint was overruled. The plaintiff then answered the cross-complaint generally in three paragraphs: (1) The general denial; (2) that said note was due and payable 180 days from its date; that no part of said note has ever been paid, and suit was not brought upon it against the cross-defendant within ten years after the cause of action accrued; (3) a verified answer of *non est factum.* Appellant's demurrer to the second paragraph of answer to the cross-complaint was overruled, and he properly excepted. Appellant then replied to said second paragraph, as an excuse for the delay in instituting suit upon the note, the same matter that he set up for a like purpose in his answer to the complaint. A demurrer was sustained to the reply, and appellant excepted. Trial by the court. Finding and judgment for the plaintiff quieting his title as prayed.

Appellant has assigned for error the overruling of his demurrer to the second paragraph of answer to the cross-complaint, the sustaining of the demurrer to his affirmative reply to the cross-complaint, and the overruling of his motion for a new trial.

The only important question presented by this appeal is whether a purchaser of real estate is entitled to invoke a statute of limitation to quiet his title against his vendor's lien for unpaid purchase money, when he asserts in his pleading that the consideration he agreed to pay for the estate remains unpaid? In other words, will a court of equity employ a limitation statute to aid a vendee in removing from his title a cloud cast upon it by his confessed failure to pay for the property as he had agreed to do?

1. A vendor's lien is an ancient rule, and had its origin

in the principle of natural justice and equity, which impresses the conscience that it is not fair for a vendee of lands, who gives no other security, to have, as between the parties, the absolute estate until he has fully paid for it. It rests upon the same foundation as the doctrine of subrogation and contribution among sureties. *Arbogast* v. *Hays* (1884), 98 Ind. 26. A vendor's lien is not, then, founded on contract, but arises by implication of law. *Warford* v. *Hankins* (1898), 150 Ind. 489. It is created by the law solely to secure the payment of purchase money. It is therefore an incident of the debt, and, while it can not survive the debt, it continues to exist until the debt is paid or otherwise discharged. *Lilly* v. *Dunn* (1884), 96 Ind. 220, 225.

2. Under our system of procedure, we have but one form of action, and a statute of limitation applies alike to actions at law and suits in equity. The statute is directed to the substance, and not to the forum, or the form of the action. A promissory note given for unpaid purchase money, under the fifth subdivision of §294 Burns 1901, §293 R. S. 1881, is valid evidence of the debt for ten years from maturity, after which time the statute may be interposed to an action upon the note, and likewise applied to a suit in equity on the coexistent vendor's lien to subject the land to the payment of the same debt. For it must be said that a statute that bars the debt, the principal thing, bars also the incident, the lien. It follows that the second paragraph of answer to the cross-complaint, setting up the ten-year statute generally as a bar to the cross-complaint, was sufficient, both as to the action on the note and for foreclosure of the lien, and the demurrer thereto was properly overruled.

3. But this does not dispose of the case. It is a familiar doctrine that the statute of limitations is a statute of repose, and not one of payment or cancelation. 19 Am. and Eng. Ency. Law (2d ed.), p. 146, and cases collated. It

"is a bar to the remedy only, and does not extinguish, or even impair, the obligation of the debtor. It is available in judicial proceedings only as a defense, and can never be asserted as a cause of action in his behalf, or for conferring upon him a right of action. It is to be used as a shield, and not as a sword." *Spect* v. *Spect* (1891), 88 Cal. 437, 26 Pac. 203, 13 L. R. A. 137, 22 Am. St. 314.

4. It is said in the text of 19 Am. and Eng. Ency. Law (2d ed.), p. 177: "Although the mortgage or trust deed and the debt secured by it may be barred, it can not be annulled or canceled in equity on that ground as being a cloud on the title except upon condition that the party complaining pay the principal and interest due." See, also, to same effect, *Booth* v. *Hoskins* (1888), 75 Cal. 271, 17 Pac. 225; *Merriam* v. *Goodlet* (1893), 36 Neb. 384, 54 N. W. 686; *Hall* v. *Hooper* (1896), 47 Neb. 111, 66 N. W. 33; *Gage* v. *Riverside Trust Co.* (1898), 86 Fed. 984; *Driver* v. *Hudspeth* (1849), 16 Ala. 348.

In cases where the statute operates, the right and the restraint to an enforcement of the debt, and to the removal of the lien, are reciprocal. *Green* v. *Capps* (1892), 142 Ill. 286, 31 N. E. 597; Jones, Mortgages (6th ed.), §1146. The same principle has found its way into the statutes. "A party to any action may plead or reply a set-off or payment to the amount of any cause of action or defense, notwithstanding such set-off or payment is barred by the statute." §370 Burns 1901, §367 R. S. 1881. And under this section it has been held that a debt due from an heir to an estate may be set off against his distributive share, though such debt is barred. *Holmes* v. *McPheeters* (1898), 149 Ind. 587. In this case it is said: "The heir or legatee, as the authorities affirm, is not, in accordance with justice or good conscience, entitled to be awarded and receive his share as long as he is a debtor to the estate."

And it is further held in *Gage* v. *Riverside Trust Co., supra,* citing authorities, that a party will be estopped from

setting up the statute where, in his pleading between the parties, he has admitted and alleged the indebtedness.

5. A suit to quiet title, though triable by jury, is ruled by equitable principles. Besides, the filing of the cross-complaint to enforce the vendor's lien carried the whole case fully into equity, and it must be disposed of according to the rules of that tribunal. One of these is that he who successfully invokes the interference of a court of equity must himself appear with clean hands—must show that he has done equity to him of whom he complains. Appellee falls far short of a compliance with this rule. He shows by his pleadings, as well as by his evidence, without contradiction, that, if he had paid his just debt to the appellant, as he should have done, there would be no cloud upon his title, and no need of the court's assistance. He has in his own hands the complete remedy.

6. It was assigned as a reason for a new trial that the finding of the court was not sustained by sufficient evidence and was contrary to law. The evidence was but a verification of the pleadings. Appellee testified that he never paid anything on the note, and never authorized anyone to make a payment for him. There was no legitimate evidence to sustain the complaint, and the finding was therefore contrary to law. Under the facts of the case, the court will leave the parties where they have placed themselves, by negligence on the one hand and by default on the other. It must be understood that our decision is limited to the right of a debtor himself to have his title to land quieted where it appears that the purchase money is unpaid.

Judgment in main action reversed, with instructions to render judgment on the complaint for the defendant Cassell for costs, and the judgment on the cross-complaint is affirmed.