# HALL _v._ DISTRICT OF COLUMBIA.

---

ALLEY ASSESSMENTS; SALE; BIDDING IN PROPERTY; LIEN; LIMITATIONS; REDEMPTION; ADVERSE POSSESSION.

1. A lien of the District of Columbia on lots bid in by the District under the Act of Congress of March 3, 1877, on a sale for nonpayment of an alley assessment, is preserved unimpaired against the running of the Statute of Limitations by the Act of Congress of February 28, 1898, which re-enacted the pre-existing laws on the subject, with modifications and enlargement of powers to make them more effective, and expressly provided that failure to enforce such liens shall not release the property from any tax whatsoever that may be due the District. The cloud upon the title cast by the lien can only be removed by payment of the tax, with interest, penalties, and costs. (Citing _United States ex rel. Bride_ v. _MacFarland._ 18 App. D. C. 120, 125.)

2. No limitation is provided by the Act of Congress of February 28, 1898, upon the time of redemption by the property owner from the lien of the District on lots bid in by it for nonpayment of assessments for an alley improvement having the status of tax liens, and the court will not interfere with the long-established custom to permit such redemption at any time prior to the sale of the property to satisfy the lien, unless it is required to do so by compelling legal reasons.

3. The owner's possession of lots which have been bid in by the District
of Columbia on a sale for an alley assessment is not adverse to the
District, since the title subject to the lien remains in him. (Citing
*Bradshaw* v. *Stott*, 4 App. D. C. 527.)

No. 3091.   Submitted March 6, 1918.   Decided April 1, 1918.

HEARING on an appeal by the plaintiff from a decree of the
Supreme Court of the District of Columbia dismissing a bill
to enjoin the commissioners of the District of Columbia from
asserting tax liens on real estate.    .          *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appellant, Luther F. Hall, filed a bill in equity in the
supreme court of the District of Columbia in which he avers
that he is the owner of certain lots in this District against which
are certain tax liens on the records of the District of Columbia.

The relief prayed is that the commissioners of the District
of Columbia be enjoined from further carrying on the records
the taxes and assessments in question; that they be decreed to
cancel the same, and that the title of the plaintiff be decreed to
be good and perfect in him by adverse possession.

From a decree sustaining a motion to dismiss the bill, this
appeal was taken.

*Mr. Jas. E. Padgett* and *Mr. Wm. H. Manogue,* for the
appellant:

1. What title did the District acquire?  *O'Connell* v. *San-
ford*, 256 Ill. 62; *Bradford* v. *Lafarge*, 30 La. Ann. 432; *Phil-
adelphia* v. *Meager*, 67 Pa. 345; *Hess* v. *Potts*, 32 Pa. 407;
37 Cyc. 1149; *James* v. *Blanton*, 134 Ky. 803; *De Forrest* v.
*Thompson*. 40 Fed. 375; *Bennet* v. *Hunter*, 9 Wall. 326; *Bald-
win* v. *Ely*. 66 Wis. 171; *Neal* v. *Andrews*, 53 Ark. 445;
Cooley, Taxn. 2d ed. 461, 466; *Hefner* v. *Northern Mont. Ins.
Co.* 123 U. S. 747; *Turner* v. *Smith*, 14 Wall. 553; *Brewer* v.
*District of Columbia*, 5 Mackey, 274.

2. What became of the title of the owner?  *Lightner* v.

*Mooney,* 10 Watts, 407; *McClure* v. *Mailland,* 24 W. Va. 561; *De Forrest* v. *Thompson,* 40 Fed. 375; *Smith* v. *Luddington,* 17 Wis. 334; *Gouraux* v. *Beaullin,* 123 La. 684; *Hussman* v. *Durham,* 165 U. S. 144.

3. What were the rights and remedies of the District after it became the purchaser of the lots? *Allen* v. *McCabe,* 93 Mo. 138; *Cooley,* Taxn. 1056; *Board of Regents* v. *Swiscott,* 30 Kan. 240; *Rowlett* v. *Nash,* 38 App. D. C. 598.

4. Was the title of the District to the lots liable to extinguishment by the adverse possession of another? 3 Dill. Mun. Corp. sec. 1188, note; *Kearney* v. *Westchester,* 199 Pa. 396; *San Francisco* v. *Straut,* 84 Cal. 124; *Bedford* v. *Williams,* 133 Ind. 562; *Palmer* v. *Jones,* 188 Mo. 163; *Helena* v. *Horner,* 58 Ark. 151; *Hammond* v. *Shepard,* 186 Ill. 235; *Cincinnati* v. *Evans,* 5 Ohio St. 594; *Orford Twp.* v. *Columbia,* 38 Ohio St. 87; *Evans* v. *Erie County,* 66 Pa. 222; *Thompson* v. *Mayor,* 39 N. Y. Supp. 248; *Micker* v. *Barton,* 194 Ill. 446; *Clark* v. *Sexton,* 122 Iowa, 310; *Hollenback* v. *Ess,* 31 Kan. 87; *Smith* v. *Ford,* 48 Wis. 115.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The assessment was made in July, 1893, under an Act of Congress of August 6, 1890 (26 Stat. at L. 296, chap. 724), relating to the improvement of alleys. The act, among other things, provided that one half of the cost of the alley improvements made under it "be charged against and become a lien upon the property abutting upon the line of such improvement;" that the amount so assessed be payable in three instalments; that in case of default the property should be "subject to sale therefor under the same conditions and penalties as are imposed by existing law for the nonpayment of general taxes."

This assessment was levied for alley improvements, and its legality is not questioned. For nonpayment of the tax the property was sold in April, 1896, at the time of the annual

delinquent tax sale, and was bid in by the District of Columbia. The claims of the plaintiff are briefly that the charge against the property is a cloud upon the title; that the assessments are barred by the Statute of Limitations, and that he has a good title by adverse possession.

Assessments made for alley improvements under the act in question having the status of tax liens, we are brought to a consideration of the tax laws of the District bearing upon this case. The law relating to the collection of taxes by which the assessment in question, levied under the Law of 1890, could be enforced, was the Act of Congress of March 3, 1877, which, among other things, forbids the sale of property for less than sufficient to pay the taxes, penalties, and costs; and where a sufficient bid for this purpose was not obtained it should be bid off in the name of the District of Columbia. It was made the duty of the District to apply to a court of equity to enforce the lien thus incurred "in the same manner as of foreclosures, of mortgages, or trust deeds in said court.

Before the expiration of two years from the date of the tax sale, or the time had arrived when any steps could be taken by the District of Columbia, the Act of Congress of February 28, 1898 (30 Stat. at L. 250, chap. 32) was passed. While this act contained no express words of repeal, this court has held that it entirely replaced the Act of 1877. In *United States e.x rel. Bride* v. *MacFarland,* 18 App. D. C. 120, 125, the court, speaking through Chief Justice Alvey, said: "The Act of February 28, 1898, was, manifestly, intended by Congress simply as a substitute for all preceding legislation upon the subject of the method of proceeding for the collection of taxes and of making tax sales of the property of delinquent taxpayers. It was clearly not the intention of Congress, in passing the Act of 1898, to strike down and nullify all that had been done under the Act of 1877 and its supplements, as preliminary to proceeding to sale of the property upon which the taxes were due prior to the passage of the Act of February 28, 1898. Congress, by the passage of the latter act, did not certainly intend to deprive the District of all remedy for the collection of taxes due prior to the date of the Act of 1898. The latter act, therefore, was

simply a re-enactment of pre-existing laws, with modifications and enlargement of powers to make them more effective. But, in doing this, it did not in any manner nullify what had been done under the pre-existing acts upon the subject. The Act of 1898 became applicable to the proceeding that had taken place under the Act of 1877 and its supplements, as if it had taken place under the Act of 1898, and the remedy thereby was made a continuing one; and though the prior acts of Congress upon the subject were in effect repealed, the proceedings commenced under the prior acts were authorized to be pursued and perfected under the last act upon the subject, that of 1898."

The act provided that, as to property bid in by the District after the expiration of two years from the date of the tax sale, if it had not been redeemed when bid in "under this or any other law, whether heretofore or hereafter made," it should be sold either at private or public sale and a deed issued therefor. The tax sale was held under the Law of 1877, but before the two years had elapsed that law had been superseded by the Act of 1898. The commissioners have not sold the property; and plaintiff claims that more than twenty years having elapsed, whatever right the District acquired in the property is barred by the Statute of Limitations, and the District has lost not only its remedy, but its rights.

But the Act of 1898 contains a bar to the running of the Statute of Limitations, or the assertion of intervening rights by adverse possession, against the District for failure to enforce its lien, by the following provision: "That failure on the part of the District, from any cause whatsoever, to enforce the liens acquired aforesaid, shall not release the property from any tax whatsoever that may be due the District." This perpetually preserves the lien of the District, and the cloud it casts upon the title can only be removed by payment of the tax, with interest, penalties, and costs.

It appears that it has been the established practice in the District to permit the redemption of property by payment of the taxes at any time prior to the sale of the property to satisfy the lien. If there were no direct statutory authority for this practice, the court would be slow to interfere with this long-

established custom, unless required to do so by compelling legal reasons. There is no limitation upon the time of redemption. Nothing in the act prohibits the District from permitting the owner to redeem at any time before the property is sold to satisfy the lien. The two-year period provided in sec. 4 of the act, within which an owner or party interested may redeem, is a limitation upon the District. During that period the District cannot proceed to enforce the lien in the manner prescribed in the statute, but it by no means forecloses the right of redemption so long as the lien remains unsatisfied.

But, in the absence of the above provision, plaintiff's position is not improved. Before there can be adverse possession, there must be a possession hostile or adverse to the true owner. *Ward* v. *Cochran*, 150 U. S. 597, 37 L. ed. 1195, 14 Sup. Ct. Rep. 230; *Bradshaw* v. *Stoll*, 4 App. D. C. 527. Until execution of a tax deed, a purchaser at a tax sale acquires no title to the property, but only a lien thereon. *Hefner* v. *North Western Mut. L. Ins. Co.* 123 U. S. 747, 31 L. ed. 309, 8 Sup. Ct. Rep. 337. Hence, plaintiff's possession cannot be said to be adverse to the District; since the title, subject to the lien, remains in him, and he is the true owner. The District has only a lien, and if it fails to find a purchaser it must await redemption by the owner.

Nor does the Statute of Limitations in this action afford plaintiff any relief. His contention in this respect is briefly and most conclusively disposed of in the able opinion of the learned justice who heard the case below, as follows: "Another objection to plaintiff's right to recovery is that the Statute of Limitations is a statute of repose, and not one of payment or cancelation. It is a bar to the remedy only, and does not extinguish or even impair the obligation of the debtor. It is available only as a defense, and can never be asserted as a cause of action on behalf of the debtor, or for conferring upon him a right of action. *Cassell* v. *Lowry*, 164 Ind. 1, 72 N. E. 640. In that case it appeared that the defendant claimed a vendor's lien. His action to recover the balance due on the purchase price was barred. The court held that this prevented him from enforcing his security, but that the vendee was not therefore

entitled to have the cloud created by the vendor's lien canceled. The decision left the parties just where they were, saying that if the plaintiff paid his just debt there would be no cloud upon his title and no need of the court's assistance."

It follows that the lien of the District is in full force. The District can be forced to cancel only by the payment of the tax, with such penalties and costs as the law imposes, and the owner may only get relief by redeeming upon these terms.

The decree is affirmed, with costs.                     *Affirmed.*