MOORE ET AL. *v.* CENCION ET AL.

[No. 16,940. Filed February 2, 1943.]

John M. Stinson, Harold J. Douthett, and Herbert T. Leasure, all of Hammond (Rae M. Royce, of Hammond, of counsel), for appellants.

Forrest E. Gantenbein and Conroy & Glendening, all of Hammond, for appellees.

FLANAGAN, P. J.—On September 1, 1931, appellants entered into a written contract with appellees to sell them the involved real estate for $2,350.00.

On March 8, 1934, appellants conveyed the real estate to appellees by warranty deed which recited a consideration of $1.00 and other valuable consideration, and which recited further that the conveyance was subject to certain taxes and assessments and the balance of $961.16 of a mortgage given by the owners previous to appellants to a loan company. Nothing was recited as to any balance of the purchase price being due appellants. However, according to the evidence there was a verbal agreement that appellees were to pay the balance of the purchase price amounting to $1,000 and were to give appellants a second mortgage to secure such payment. The second mortgage was never given.

On December 23, 1940, appellants brought this action against appellees to recover such balance and to foreclose a vendor's lien therefor.

Appellees answered in two paragraphs, (1) alleging payment, and (2) pleading the six-year statute of limitations. There is no evidence of payment and we are here concerned only with the issues made by the second paragraph of answer to which appellants filed a reply stating that the action was one to enforce a

vendor's lien and that the fifteen-year statute applied and that it was upon a written contract which made the six-year statute inapplicable.

The finding and judgment of the trial court was for appellees. Appellants' motion for a new trial was overruled and that action of the trial court is the sole error assigned here. The grounds of the motion for a new trial not waived are, (1) the decision of the trial court is not sustained by sufficient evidence, and (2) is contrary to law.

Under each of the specifications of the motion for a new trial the questions presented are:

1. Is the action based upon a written or a verbal contract?
2. If the action is based upon a verbal contract does the six-year statute of limitations or the fifteen-year statute apply?

Under the evidence it appears that the deed was not given pursuant to the written contract of September 1, 1931, but it appears that such contract was abandoned and a new verbal contract entered into with entirely different terms pursuant to which the deed was executed. It follows that the action is based upon a verbal contract.

As to the second question, appellees rely upon the case of *Cassell* v. *Lowry* (1904), 164 Ind. 1, 72 N. E. 640, to support their contention that the six-year statute of limitations applicable to verbal contracts controls the action to foreclose the lien. Appellees' contention is fully supported by that decision.

However, in the recent case of *Federal Land Bank of Louisville* v. *Luckenbill* (1938), 213 Ind. 616, 13 N. E. (2d) 531, our Supreme Court held that actions to foreclose liens are governed by the fifteen-year statute of limitations. § 2-603, Burns' 1933, § 62, Bald-

win's 1934. While the latter decision does not refer to the Cassell case, *supra*, it does supersede the earlier decision and therefore in effect overrules it.

We are bound to follow the latest pronouncement of our Supreme Court and must therefore hold that as to the foreclosure of the lien the fifteen-year statute applies.

Judgment reversed with instructions to sustain appellants' motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 46 N. E. (2d) 273.