## BAXTER *vs.* THE STATE OF WISCONSIN.

### ORIGINAL ACTION FOR MONEY CLAIMED.

Heard October 11, 1859.]            [Decided January 12, 1860.

### *Practice—Limitations.*

Proceedings in suits against the state are to be conducted in accordance with the provisions of the code, except so far as the law allowing these actions to be brought may otherwise specially provide.

The state may plead the statute of limitations to an action against it, and is entitled to this defense the same as any other defendant.

The facts in this case will be readily gathered in the following opinion, and in the same case reported in 9 Wis., 38.

*J. H. Knowlton,* for the plaintiff.

*G. Bouck, Att'y General,* for the state.

*By the Court,* PAINE, J. After the demurrer to the complaint was overruled, the Attorney General filed an answer, containing a general denial of all the allegations of the complaint, and several other defenses, among which was the statute of limitations. The counsel for the plaintiff has moved to strike out the general denial, and filed a demurrer to the rest of the answer.

The motion to strike out is based on the assumption that a general denial is a mode of pleading authorized only by the code, and that the code does not apply to suits against the state. We think, however, that it does, except so far as it may be modified by the statute authorizing such suits. That statute does not attempt to prescribe, in detail, the system of pleading. It says the complaint shall set forth "fully and particularly, the nature of the claim," and then leaves

the attorney general to " answer or demur." A suit under this statute before the code, may have been more analogous to a suit in equity, than one at law. But while it was in force the code was adopted, which abolishes all distinction in the forms of proceeding, and establishes a single uniform method in actions both at law and in equity. It was designed for " courts of record" in the state. And we think it in accordance with the evident design of the legislature to hold, that proceedings in suits against the state, are to be in accordance with its provisions, except so far as the law itself may otherwise specifically provide. The motion to strike out, is therefore overruled. Though how far it is proper or competent, under the code, to join a general denial with other defenses which admit a portion of the allegations of the complaint, is a question not presented.

We think the demurrer well taken to all the answer except that which sets up the statute of limitations. The other matters were substantially determined by the decision on the demurrer to the complaint. But after a careful examination, we have come to the conclusion that the statute of limitations is a good answer to the complaint. This action is certainly within the letter of the statute. It requires all actions on contracts to be commenced within six years after the cause of action accrued. This is an action on a contract between the plaintiff and the state, and is barred by the statute, unless there is some sufficient reason to deprive the state of the benefit of this plea. Is there any such reason? No satisfactory one was suggested on the argument, and none has occurred to us. Certainly none is to be derived from the maxim *nullum tempus occurit regi*, under which the king, and in this country the state, have been held not to be bound by the statute of limitations. This exemption was a part of the kings's prerogative. The reasons of it are very fully stated in *United States vs. Hoar*, 2 Mason, 312;

and also appear in Bacon's Abridgment, Title, Prerogative. The rule established is that the statute cannot be set up as a defense to an action by the king or the government. But this being a matter of prerogative, founded upon the public good, and the protection and preservation of the public interest, instead of furnishing any support for the position that as a defendant the state cannot have the benefit of the statute, would fully sustain the opposite conclusion. It would be strange logic to say that because the state is privileged above other plaintiffs, and cannot be barred by the statute, therefore it shall not have an equal right with other defendants to avail itself of the benefit of the statute. We think it very clear that the whole reasoning upon which this rule rests, sustains the conclusion that as a defendant, the state is entitled to this defense.

The same also may be said of the general rule, that where a statute is general, it shall not be construed as divesting or affecting any right of the king or the government, unless expressly extended to them. This is also matter of prerogative, and the object of it is to give the rights of the king, or the state, a superior privilege or protection. It therefore furnishes no reason for saying that where the words of a statute are general, that the state cannot avail itself of a right granted equally with other defendants. And the contrary conclusion is expressly recognized in those authorities which establish the rule. Thus in Bacon's Ab. Title Prerogative, E, 5, where the rule is stated, that the king is not bound by such general acts, a note is added, "but may *take advantage* of an act of parliament, though not particularly named." So in Coke, Part XI., 686, it is said, "as to the first it was objected th at by the rule of the law, the king not being named in the act, is by the law exempted out of the act, for the law gives the king this prerogative, that for the dignity of his roy a˙ person, he is not, by construction of the law included with.

in these common words, " person or persons, bodies, politic or. corporate," and be the statute affirmative, or be it negative, which is stronger, it shall not bind the king unless he is specially named, *but he shall take benefit of a statute though he be not named,*" &c. The same principle also prevails in the rule by which the king or the state, though not liable to costs, yet receives costs. 18 John, 227. These things show that the whole extent of the rule, excepting the state from the operation of general statutes, is only so far as it is for its benefit to be excepted, and for the purpose of giving it a superior right to ordinary parties. And this certainly would go to show that where the statutes give a right to defendants, the state is not to be deprived of it.

We think, also, it was the evident intent of the legislature, in providing that the state might be sued, to submit its rights to be determined by the same law, applicable to suits between other parties, exposing it to the same legal liabilities, and entitling it to the same defenses as other parties, except as otherwise provided. The statute is short; it provides that the state may be sued, but makes no attempt to enact any special rules or laws by which its rights and liabilities are to be determined. On the contrary, it expressly refers them to the laws in general. It says the court shall proceed to hear and determine the suit, " as *the law*, and very right of the case may require." What law? Evidently the law, and all the law applicable to a legal controversy. And the statute of limitations being a part of that law, we think we must enforce its provisions in favor of the state, as well as of any other defendant. Certainly all the reasons for its application exist with more than ordinary force in such a case. The statute is based on a presumption of payment, and certainly that presumption must be stronger in case of a state than of a private individual. For experience will show that the state is generally more apt to pay claims that it ought not to, than

not to pay those it ought to. Considerations of honor or magnanimity, can have no bearing in determining what the law is. The state has referred its rights to judicial tribunals, to be decided by the law. If by it the claim is barred, they must so declare, though it might be just and honorable for the state to pay it, if it has never been paid, notwithstanding the bar.

The statute, of course, did not run until the state rendered itself liable to a suit on any claim. But as that statute had been in force more than six years before the commencement of this suit, we think the claim is barred.

We have found no case where the precise question has arisen, and there are probably very few, if any, for the reason that the states have not usually subjected themselves to suits in their own courts. The only case we have found where a state ever pleaded the statute, was the *State vs. Vincennes United Society*, 5 Ia., 77. The suit was brought there under a special statute authorizing that particular suit, and providing that the state should plead such matters of defense " as would present the case on its merits alone;" and the court held that the statute of limitations was not such a plea, and on this ground alone, held that the state could not plead it. There is no intimation that it could not have pleaded it, if this express provision to the contrary had not existed.

We think the demurrer to the defense setting up the statute of limitations must be overruled, and that the state is entitled to judgment.

NOTE.—On a subsequent day the plaintiff asked and obtained leave to withdraw the demurrer, and file a replication to the plea of the statute of limitation.