McRAE v. AUDITOR GENERAL.

1. LIMITATION OF ACTIONS—CLAIMS AGAINST STATE.

The claim of a private person against the State is subject to the same statute of limitation that the same claim against another private person would be.

2. MANDAMUS—PROPRIETY — TAX SALE — COMPELLING REFUND—LIMITATIONS.

Mandamus being a discretionary writ, issued only in furtherance of justice, will not issue to compel the auditor general to refund the taxes paid by the purchaser of the State's bid at a tax sale, where an action of assumpsit on the claim, if otherwise maintainable, would be barred by limitations.

Mandamus by John McRae to compel James B. Bradley, auditor general, to refund certain taxes paid as a condition of purchase of a State bid. Submitted October 31, 1906. (Calendar No. 21,340.) Writ denied December 17, 1906.

*Oswald H. Reed*, for relator.

*John E. Bird*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

HOOKER, J. Certain property was returned delinquent for the taxes of 1894, 1895, and 1896. In December, 1896, the premises were bid in to the State for the tax of 1894, under the general tax law, and on August 24, 1897, the relator purchased the State's bid for the tax of 1894, and received the usual certificate of purchase, stating that if such premises should not be redeemed before the first Monday in December, 1897, he would be entitled to a deed; if they should be redeemed before that time he would be entitled to the redemption money, or to the amount of purchase with interest at 8 per cent., etc. The land was redeemed from the sale for taxes of 1894 on

an application filed November 10, 1897, and on February
7, 1898, there was refunded to relator the amount of the
State bid, but not the amount of the taxes for 1895 and
1896, which he was compelled to pay as a statutory con-
dition upon which he might purchase the State bid.   On
March 5, 1898, he applied for such payment and was re-
fused it.   He now applies for a mandamus to compel such
refunding, his petition having been filed August 10, 1905.
The auditor general answers, contending, *first,* that rela-
tor was not entitled, under the statute, to such refunding;
*second,* that his claim is barred by the statute of limita-
tions.

The claim of the relator arises from a contract of pur-
chase, his contention being that, by the terms of the
statute under which it was made, the subsequent redemp-
tion gave him a right to have the consideration paid
refunded by the State.   Were this a claim against a
private person, assumpsit would be his remedy, and an
action would be barred in six years from the time when
the right accrued.   In such a case mandamus would not
lie, for want of another remedy.   If it may be resorted to
here, it must be upon the ground that an action cannot be
brought against the State by a private person, and that
mandamus is a proper remedy by which that rule may be
avoided, if not evaded.   To this must be added the claim
that the statute of limitations must be restricted to actions
of debt or assumpsit, and has no application to a case
where mandamus may be made to perform the function
of such an action, inasmuch as mandamus is neither an
action of debt nor assumpsit.

No good reason is suggested for saying that the claim
of a private person against the State should not be sub-
ject to the same statute of limitation that the same claim
against another private person would be.   On the con-
trary, the rule that the government may plead such
statutes prevails generally.   See *Cowles* v. *State,* 115 N.
C. 173; *Baxter* v. *State,* 10 Wis. 454; *Stanley* v.
*Schwalby,* 85 Tex. 353, s. c., 147 U. S. 508; *Smith* v.

*Auditor General*, 80 Mich. 215. See, also, 19 Am. & Eng. Enc. Law (2d Ed.), pp. 191 and 192.

Were this a suit in equity, the rule that equity follows the law would apply, and the statute would in effect be applied by analogy. Such has been the holding of this and many other courts. Especially "where a party has once had an adequate remedy at law, of which he might have availed himself in the ordinary forum, equity will deny any relief to him because of his own laches and neglect, whatever the intrinsic merits and equities of his case may be, and will not permit him so to evade the plain provisions of the statute." 19 Am. & Eng. Enc. Law (2d Ed.), p. 157, and note; *Blanchard* v. *Church*, 47 Mich. 644; *Jenny* v. *Perkins*, 17 Mich. 28; *Smith* v. *Davidson*, 40 Mich. 632; 2 Beach on Trusts and Trustees, § 668.

To all intents and purposes this writ is made to play the part of an action at law against the State. The writ of mandamus is a discretionary writ, and will not be issued when inconsistent with justice. To that extent, though a legal process, it is governed by equitable principles, and should not be used where legal redress would ordinarily be barred by the statute of limitations. The equitable doctrine of laches should in such case be applied.

The relator has permitted his claim to rest for more than seven years, and it should be treated as a stale claim. As this will dispose of the proceeding, it is unnecessary to discuss the other questions.

The writ is denied.

McALVAY, GRANT, BLAIR, and MOORE, JJ., concurred.