## STATE OF INDIANA, EX REL. CARPENTER, *v.* RALSTON, GOVERNOR, ET AL.

[No. 22,293. Filed April 28, 1914. Rehearing denied July 2, 1914.]

1. STATES.—*Action.*—*Consent to be Sued.*—Previous to March 9, 1889 (Acts 1889 p. 265, §§1485-1491 Burns 1914), suits against the State were not authorized, but under that act actions against the State, arising out of contract, may be brought in the Superior Court of Marion County. p. 152.

2. LIMITATION OF ACTIONS.—*Limitations Applicable.*—*Actions Not Otherwise Limited.*—Actions for mandate are recognized by the civil code, and since no special limitation is prescribed for such cases, they come within the provisions of §296 Burns 1914, Acts 1881 (s. s.) p. 240, §39, providing that all actions not limited by any other statute shall be brought within fifteen years, except in special cases where a different limitation is prescribed, hence

State, ex rel. *v.* Ralston—182 Ind. 150.

an action to mandate a State Board to redeem a State bond must be brought within fifteen years from the time the action accrued. pp. 153, 155.

3. LIMITATION OF ACTIONS.—*Actions Against State.*—Interposing the statute of limitations is not a repudiation of the contract sued on, and, in the absence of special statutory provisions to the contrary, such defense may be pleaded by the State; hence in an action to mandate the redemption of State bonds, brought against the Governor and other State officials constituting a board for the redemption of certain bonds under §§10115-10118 Burns 1914, Acts 1872 (s. s.) p. 11, the statute was properly interposed where it appeared that the action was barred, since there was no intent to prohibit such defense is apparent in said act of 1872. (*Gray* v. *State, ex rel.* [1880], 72 Ind. 567; *State* v. *Trustee, etc.* [1854], 5 Ind. 77; and *Carr* v. *State, ex rel.* [1891], 127 Ind. 204, distinguished.) p. 153.

From Superior Court of Marion County (82,991); *James M. Leathers,* Judge *Pro Tem.*

Action by the State of Indiana, on the relation of Edwin E. Carpenter, against Samuel M. Ralston, Governor, and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*Holmes, Rogers & Carpenter* and *Oliver C. C. Fetta,* for appellant.

*Thomas M. Honan,* Attorney-General, and *James E. Mc Cullough,* for appellees.

MORRIS, C. J.—This was a mandamus action by appellant against appellees, the Governor, Attorney-General, Secretary of State, and Treasurer of State, constituting a board created for the redemption of certain State bonds. Acts 1872 (s. s.) p. 11, §§10115-10118 Burns 1914.

The complaint alleges that relator is the holder and owner of a bond, calling for the payment of $1,000, with certain interest coupons attached, executed by the State of Indiana on January 1, 1839, and due January 1, 1889. It is averred that the bond was executed pursuant to an act approved February 19, 1838, and is one of the 191 bonds contemplated by said act of 1872, *supra,* and is wholly unpaid. It is

further averred that relator presented the bond, with the coupons attached, to appellees, sitting as a board, under the 1872 act, and demanded payment of the bond and coupons, pursuant to the provisions of said act, and that payment thereof was refused. It is alleged that the relator has no adequate remedy at law, and there is a prayer for a writ of mandate requiring appellees to take up and redeem the bond and coupons. The complaint was filed in 1911. Appellees appeared and answered. The first paragraph avers that the cause of action sued on did not accrue within fifteen years before the commencement of the action, while the second avers that it did not accrue within twenty years before the institution of the suit. §§296, 295 Burns 1914, §§294, 293 R. S. 1881. The court overruled appellant's demurrer to each paragraph, and appellant declining to plead further, judgment was rendered for appellees. The ruling on the demurrer constitutes the alleged error on which appellant here relies.

Previous to March 9, 1889, suits against this State were not authorized. *Carr* v. *State, ex rel.* (1891), 127 Ind. 204, 26 N. E. 778, 22 Am. St. 624, 11 L. R. A. 370. Chapter 128, of the acts of 1889, authorizes the bringing of actions, arising out of contract, against the State, in the Superior Court of Marion County. Acts 1889 p. 265, §§1485-1491 Burns 1914. Section 1 of this act (§1485 Burns 1914) limits the bringing of a suit to fifteen years after the accrual of the plaintiff's cause of action, while §3 thereof (§1487 Burns 1914) provides that actions accruing thereafter shall be governed by the general statutes of limitations. The above act took effect within three months after relator's bond became due. After this act became a law it can not be doubted that the relator could have maintained an action at law on his bond, in the Marion Superior Court; but appellees raise no question on the adequacy of a legal remedy, and, in view of the conclusion we have reached, it is unnecessary for us to consider such question. The act of

1872, under which this action was brought, fixes no time limitations. Actions for mandate are authorized by the provisions of our civil code. Acts 1881 p. 379, §§1224, 1225 Burns 1908; Acts 1911 p. 541, §§1224, 1225 Burns 1914. The same code contains our statutes of limitation on the commencement of civil actions. Acts 1881 (s. s.) p. 240, §§294-308 Burns 1914. These statutes contain no specific reference to mandamus actions, but §296 Burns 1914, being §39 of our civil procedure act (Acts 1881 [s. s.] p. 240), reads as follows: "All actions not limited by any other statute shall be brought within fifteen years. In special cases, where a different limitation is prescribed by statute, the provision of this act shall not apply."

In *Potter* v. *Smith* (1871), 36 Ind. 231, 236, this court said: "Under these provisions, it is quite clear that the legislature intended to fix certain and definite times within which all actions should be brought, whether they would, before the code, have been actions at law or suits in equity, and to leave nothing, in this respect, to doubt and uncertainty." It is manifest that under the provisions of our statutes of limitation an action for mandamus must ordinarily be brought within fifteen years after the cause of action accrues, and unless the situation here furnishes an exception to the rule, it must be held that plaintiff's cause of action is barred, because, according to the averments of the first paragraph of answer, it accrued more than fifteen years before the institution of this suit.

Appellant contends that a state has no right to repudiate its contract, either directly, or indirectly by relying on the statute of limitations; that appellees are merely agents of the State, charged with certain ministerial duties, under the act of 1872, and are without rightful power to interpose the defense of the statute of limitations. Counsel cite *Gray* v. *State, ex rel.* (1880), 72 Ind. 567. In that case there was no question presented relating to the statute of limitations. The case of *State* v. *Trustees,*

*etc.* (1854), 5 Ind. 77, is also cited. In the latter case this court held that under a special act authorizing a suit against the State, the latter was precluded by the terms of the statute from interposing the defense of the statute of limitations. It is to be presumed that in the absence of the special provisions of that act, this court would have held otherwise. Appellant also cites *Carr* v. *State, ex rel., supra*, which held, among other things, that in entering into a contract the State lays aside its attributes as a sovereign and binds itself the same as one of its citizens, and its rights are measured by the same laws that govern the citizen, except that a sovereign State may not be sued without its consent. Statutes of limitations are laws of repose, and a citizen or state pleading such statute against an action on contract does not repudiate the latter, or impair its obligation. *Cassell* v. *Lowery* (1904), 164 Ind. 1, 4, 72 N. E. 640; 25 Cyc. 983.

In *Stanley* v. *Schwalby* (1893), 147 U. S. 508, 13 Sup. Ct. 418, 37 L. Ed. 259, in an opinion by Chief Justice Fuller, it was held that under a statute of limitation of the state of Texas, authorizing any "person" to avail himself of its benefits, an officer of the United States, exercising authority thereunder in holding possession of real estate, might, in an ejectment action against him, plead the limitation statute for the benefit of his sovereign, although the same statute could not be pleaded against the United States, without its consent. The opinion cites with approval *Baxter* v. *State* (1860), 10 Wis. 398.

In *McRae* v. *Auditor-General* (1906), 146 Mich. 594, 109 N. W. 1122, 10 Ann. Cas. 594, a mandamus action was brought against the Auditor-General to compel the refunding to plaintiff of certain redemption money. The officer pleaded the statute of limitations applicable to actions for debt or assumpsit. In upholding the plea, the court said: "No good reason is suggested for saying that the claim of a private person against the state should not be subject to the same statute of limitation that the same claim against

another private person would be. On the contrary, the rule that the government may plead such statutes prevails generally.'' A number of authorities are cited in support of the opinion. See also 25 Cyc. 1008, and *People, ex rel.* v. *Chapin* (1887), 104 N. Y. 96, 10 N. E. 141.

There is nothing in the act of 1872 that warrants the conclusion that it was the intention of the General Assembly to prohibit the officers constituting the board from interposing the defense of the statute of limitations in a proper case. Section 3 of the act enjoins on the officers constituting the board the ''exercise of the utmost scrutiny in testing the genuineness and validity of each bond and coupon which may be presented for redemption.'' This action was commenced twenty-two years after the bond became due. It is manifest that the lapse of time renders the test of genuineness more difficult. We are of the opinion that the fifteen-year statute of limitations was properly pleaded by appellees and that it barred appellant's right of recovery. Judgment affirmed.

NOTE.—Reported in 105 N. E. 54. As to the right of a state to plead the statute of limitations as to a claim against it, see 10 Ann. Cas. 595. As to a state's immunity from suit, see 108 Am. St. 831. See, also, under (1) 36 Cyc. 912, 911; (2) 25 Cyc. 1061.