## UNITED STATES v. SLIGH.

Circuit Court of Appeals, Ninth Circuit.
March 5, 1928.

No. 5260.

1. **Limitation of actions** ⊙⇒12(2)—**State or government, sued with its consent, may take advantage of limitation statutes, though not expressly named therein.**

While statutes of limitation do not run against the government or state, unless expressly named therein, state or government, when sued with its consent, may claim the benefit of statute of limitation, though government is not expressly named therein.

2. **Courts** ⊙⇒375—**Statute of limitations of state of forum held applicable in action against United States on policy of war risk insurance (40 Stat. 410; 43 Stat. 612 [38 USCA § 445]; Civil Code Ariz. 1913, par. 713).**

Civil Code Ariz. 1913, par. 713, limiting suits on instruments in writing executed outside state, *held* applicable in action in federal court against United States on policy of war risk insurance, under 40 Stat. 410, and 43 Stat. 612 (38 USCA § 445), commenced in district of Arizona, where no federal statute of limitations was applicable.

3. **Army and navy** ⊙⇒51½—**Failure of beneficiary to present claim under war risk policy within period of limitation held to bar suit thereon against United States (40 Stat. 410; 43 Stat. 612 [38 USCA § 445]; Civil Code Ariz. 1913, par. 713).**

Failure of beneficiary to present claim to Veterans' Bureau for insured's permanent disability under war risk insurance policy within period of limitation prescribed by Civil Code Ariz. 1913, par. 713, *held* to bar beneficiary's cause of action against United States, under 40 Stat. 410, and 43 Stat. 612 (38 USCA § 445), authorizing suit against United States on policy in event of disagreement between bureau and beneficiary, since beneficiary cannot, by postponing presentation of claim, deprive United States of benefit of statute of limitations.

4. **Limitation of actions** ⊙⇒65(1)—**Plaintiff cannot, by delaying performance of act preliminary to suit, indefinitely suspend running of statute.**

Where plaintiff's right of action depends on some preliminary act, he cannot suspend indefinitely running of statute of limitations by delaying performance of antecedent step.

In Error to the District Court of the United States for the District of Arizona; F. C. Jacobs, Judge.

Action by Sidney B. Sligh against the United States. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

John B. Wright, U. S. Atty., of Tucson, Ariz., and George R. Hill and G. Guy Axline, Asst. U. S. Attys., both of Phœnix, Ariz., and William Wolff Smith, C. L. Dawson, and

Randolph C. Shaw, all of Washington, D. C., for the United States.

F. C. Struckmeyer, I. A. Jennings, and C. L. Strouss, all of Phœnix, Ariz., for defendant in error.

Loy J. Molumby, of Great Falls, Mont., W. G. Beardslee, of Seattle, Wash., and Alvin Gerlack, of San Francisco, Cal., amici curiæ.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was an action on a war risk insurance policy in the sum of $10,000, payable in case of death or total permanent disability, in monthly installments of $57.50 each. The monthly installments accruing on and after April 26, 1920, have already been paid, so that the recovery here sought is for the monthly installments accruing between December 4, 1918, the date of alleged total permanent disability, and April 26, 1920. One of the defenses interposed was the statute of limitations of the state of Arizona, which provides that there shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not thereafter, actions upon a judgment or decree of any court rendered without the state, or upon an instrument in writing executed without the state. Rev. St. Ariz. (Civ. Code 1913) par. 713. The court below found specially that the policy was not made or executed in the state of Arizona, that the present action was not commenced until March 9, 1925, that the defendant had pleaded the statute of limitations of the state, and that more than four years had elapsed after the accrual of the cause of action set forth in the complaint and before the commencement of the action. Notwithstanding this finding, judgment was given for the plaintiff. On this record two questions are presented for consideration: First, is the statute of limitations of the state of Arizona applicable? and, second, if applicable, is the cause of action barred?

[1] The parties concede that there is no federal statute of limitations applicable to this class of cases, and, if there is any limitation at all, it must be therefore found in the laws of the forum. The rule, of course, is well settled that statutes of limitation do not run against the government, unless expressly named therein; but it seems to be equally well settled that the government, when sued with its consent, may claim the benefit of such statutes, whether expressly named therein or not. "Statutes of limitation may, according to the general rule, be pleaded for the benefit of the state or government, when sued with its consent in its own courts, although it is not expressly named in the statutes, and although, where it is a plaintiff, its prerogative of sovereignty protects it from the use of such a plea against it." 37 C. J. 714; Stanley v. Schwalby, 147 U. S. 508, 13 S. Ct. 418, 37 L. Ed. 259; State v. Ralston, 182 Ind. 150, 105 N. E. 54; McRae v. Auditor General, 146 Mich. 594, 109 N. W. 1122, 10 Ann. Cas. 594; Cowles v. State, 115 N. C. 173, 20 S. E. 384; Baxter v. State, 10 Wis. 454. In the Stanley v. Schwalby Case, 85 Tex. 348, 19 S. W. 264, the Supreme Court of Texas denied the benefit of the state statute of limitations to the United States, but in Stanley v. Schwalby, supra, the judgment was reversed on writ of error; the court saying: "It is obvious that the ground of the exemption of governments from statutory bars or the consequences of laches has no existence in the instance of individuals, and we think the proposition cannot be maintained that because a government is not bound by statutes of limitation therefore the citizen cannot be bound as between himself and the government." See, also, People of Porto Rico v. Emmanuel, 235 U. S. 251, 35 S. Ct. 33, 59 L. Ed. 215.

The statute of limitations has long since ceased to be looked upon as an unconscionable defense. A century ago Mr. Justice Story said:

"It has often been matter of regret, in modern times, that, in the construction of the statute of limitations, the decisions had not proceeded upon principles better adapted to carry into effect the real objects of the statute; that, instead of being viewed in an unfavorable light, as an unjust and discreditable defense, it had received such support as would have made it, what it was intended to be, emphatically a statute of repose. It is a wise and beneficial law, not designed merely to raise a presumption of payment of a just debt, from lapse of time, but to afford security against stale demands, after the true state of the transaction may have been forgotten, or be incapable of explanation, by reason of the death or removal of witnesses. It has a manifest tendency to produce speedy settlements of accounts, and to suppress those perjuries which may rise up at a distance of time, and baffle every honest effort to counteract or overcome them." Bell v. Morrison, 1 Pet. 351, 359, 7 L. Ed. 174.

[2] By the legislation under which the policy in question was issued, the government authorized insurance running into untold millions, and we find nothing in that legis-

lation to justify the conclusion that in all litigation arising out of the insurance thus authorized Congress intended to deny to the government a defense open to every other debtor, and to every wrongdoer. We are of opinion, therefore, that the statute of limitations of the state of Arizona is applicable in the absence of some controlling federal statute.

[3, 4] The next question is: Is the cause of action barred by that statute? The act authorizing the insurance, and its several amendments, provides that, in the event of disagreement as to a claim under the contract of insurance, between the bureau and any beneficiary or beneficiaries thereunder, an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or a District Court of the United States in and for the district in which such beneficiaries, or any of them, reside. 40 Stat. 410; 43 Stat. 612 (38 USCA § 445). The defendant in error contends that the cause of action did not accrue because of this provision until there was a disagreement between the bureau and the beneficiary, while the plaintiff in error contends that it was the duty of the beneficiary to present his claim, in order that a disagreement might be brought about, and that, if he failed to do so within the period of the statute of limitations, his right of action is barred. This latter contention, we think, must be sustained. The cause of action arises out of the contract of insurance, and not out of the disagreement.

"Where plaintiff's right of action depends upon some act to be performed by him preliminary to commencing suit, and he is under no restraint or disability in the performance of such act, he cannot suspend indefinitely the running of the statute of limitations by delaying the performance of the preliminary act; for it is not a policy of law to put it within the power of a party to toll the statute of limitations." 37 C. J. 953.

"But when some preliminary action is an essential prerequisite to the bringing of a suit, and such action rests with the claimant, he cannot defeat the operation of the statute of limitations by a failure to act or by long and unnecessary delay in taking the antecedent step. It is not the policy of the law to permit a party against whom the statute runs to defeat its operation by neglecting to do an act which devolves upon him in order to perfect his remedy against another. If this were so, a party would have it in his own power to defeat the purpose of the statute in all cases of this character." 17 R. C. L. 756.

The rule thus stated is supported by the great weight of authority, and we find nothing to the contrary in Ainsworth v. Lipsohn, 22 Ariz. 291, 196 P. 1028, decided by the Supreme Court of Arizona. The rule has also the approval of the Supreme Court. This was the basis of the decision of the Supreme Court of Kansas in Bauserman v. Charlott, 46 Kan. 480, 26 P. 1051, and in referring to that decision in Bauserman v. Blunt, 147 U. S. 647, 13 S. Ct. 466, 37 L. Ed. 316, the court said: "That decision was evidently deliberately considered and carefully stated, with the purpose of finally putting at rest a question on which some doubt had existed; it is supported by satisfactory reasons, and is in accord with well settled principles; and there is no previous adjudication of that court to the contrary."

In the same case, the Supreme Court further said: "In the absence of express statute or controlling adjudication to the contrary, two general rules are well settled: First. When the statute of limitations has once begun to run, its operation is not suspended by a subsequent disability to sue. * * * Second. The bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim."

In the present case there could, in the nature of things, be no disagreement until the beneficiary presented his claim to the bureau; and, if he can withhold his claim indefinitely and at pleasure, he can thus deprive the government of the benefit of the statute of limitations.

There is much force in the contention that the defendant in error was not totally and permanently disabled during the period for which a recovery is sought, but that question we need not consider.

The judgment of the court below is reversed, and the cause is remanded, for further proceedings not inconsistent with this opinion.