**LAKE COUNTY, Indiana; acting by and through its several officers and bodies, to-wit, the Lake County Council, collectively and by its individual elected members; the Board of Commissioners, collectively and by its individual elected members; and the Lake County Auditor, as that office has been and currently and hereafter will be filled by an elected officer, Appellants–Defendants,**

v.

**STATE of Indiana ex rel. Steve W. MANICH, P.E., R.L.S., Appellee–Plaintiff.**

No. 45A05–9304–CV–122.

Court of Appeals of Indiana, Fifth District.

March 30, 1994.

Rehearing Denied May 17, 1994.

Ray L. Szarmach, Szarmach & Fernandez, Hammond, Linda Garcia, Highland, for appellant Lake County Council.

Joseph S. Irak, Merrillville, for appellant Board of Comm'rs.

Edward P. Grimmer, Crown Point, for appellee.

RUCKER, Judge.

After serving as Lake County Surveyor for over twenty-seven years, Appellee–Plaintiff Steve W. Manich requested that county officials pay him twenty years of alleged back wages. When the request was denied Manich filed a mandamus action against Defendants–Appellants Lake County, Indiana, Lake County Council, Lake County Board of Commissioners and Lake County Auditor (collectively referred to as "County"). Upon motion for partial summary judgment the trial court determined Manich was entitled to back wages for a fifteen-year period along with prejudgment interest. County now appeals raising three issues for our review which we rephrase as follows:

1) Was Manich entitled to an enhanced salary under the provisions of Ind.Code § 36–2–12–15 when he failed to make a request for an enhanced salary at the time his annual budgets were submitted to the County Council?

2) Did the trial court err in determining that a fifteen year statute of limitations applied in this case?

3) Did the trial court err in granting Manich prejudgment interest?

Manich cross appeals arguing a twenty-year statute of limitations applies in this case

and, thus, he was entitled to wages computed from 1971 through 1991.

We affirm in part, reverse in part, and remand.

The facts in this case are undisputed. Manich was first elected Lake County Surveyor in 1964 and by the time of this appeal he had served continuously through 1992. At all times during his tenure Manich was registered and licensed as a professional engineer and land surveyor. Each year for the past twenty-eight years Manich submitted to the Lake County Council a budget for the Surveyor's office which included a request for his own salary. After submitting his 1991 budget, Manich learned of a long standing statute which essentially required the County fiscal body to set a two-tiered pay scale for county surveyors, one for surveyors who are registered and one for those who are not registered. Under the statute registered surveyors are entitled to compensation at a rate one and one-half times the base salary of non-registered surveyors.

Armed with this knowledge, Manich's 1992 budget included a request for the enhanced salary. In response, Lake County Council did not establish a two-tiered salary structure nor did it make a finding that Manich was a registered surveyor. Thereafter, Manich submitted a claim to the Board of County Commissioners, through the Lake County Auditor, for twenty years of back wages. The Board denied the request and forwarded it to the Lake County Council for further action. When the Council deferred action on the request, Manich filed a mandamus action with the trial court. After the County answered the complaint, Manich filed his motion for summary judgment. Both parties stipulated the facts and submitted trial briefs in lieu of oral argument. Thereafter, the trial court entered summary judgment in favor of Manich and, applying a fifteen-year statute of limitations, awarded Manich $435,059.16 in back wages and interest. This appeal arose in due course.

When reviewing the grant of a motion for summary judgment, we apply the same standard as the trial court, namely: whether there is no genuine issue of material

fact and whether the moving party is thus entitled to summary judgment as a matter of law. *Liberty Mut. Ins. Co. v. Metzler* (1992), Ind.App., 586 N.E.2d 897, *trans. denied.* No deference is given to the trial court's judgment. This is especially true where we evaluate issues determined to be questions of law. "A pure question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions." *Indiana Ins. Co. v. Allis* (1994), Ind. App., 628 N.E.2d 1251, *quoting* Kenneth M. Stroud 4A *Indiana Practice* § 12.3 (Supp. 1992). Here, the issues do not involve any factual dispute, but are primarily matters of statutory construction.

## I.

One statute here in dispute is Ind. Code § 36–2–12–15 which dictates in relevant part:

(b) When fixing the compensation of county officers under this title [county surveyors], the *county fiscal body shall* fix:

(1) compensation for the surveyor as if he is registered under IC 25–31; and

(2) compensation for the surveyor as if he is not registered under IC 25–31.

The compensation fixed under subdivision (1) [of this subsection] must be one and one-half (1½) times that fixed under subdivision (2) [of this subsection]. The *county fiscal body shall then* determine whether or not the surveyor is registered under IC 25–31 and shall fix his compensation in the proper amount.

(Emphasis added.) County contends Manich was not entitled to an enhanced salary for the years 1976 through 1991 because over that period he never informed County of his status as a licensed engineer and registered land surveyor and never submitted a budget that included an enhanced salary. Thus, County concludes, any enhanced salary to which Manich would be otherwise entitled has been waived. We disagree.

Waiver is the voluntary and intentional relinquishment of a known right. *Egnatz v. Medical Protective Co.* (1991), Ind. App., 581 N.E.2d 438. Mere silence, acquiescence, or inactivity is not waiver unless there was a duty to speak or to act. *Union Federal Sav. Bank v. INB Banking Co. Southwest* (1991), Ind.App., 582 N.E.2d 426. Under the stipulated facts in this case Manich was not aware of his right to an enhanced salary until after submitting his 1991 budget. Because the compensation of a county officer may not be changed in the year for which it is filed, Ind.Code § 36–3–6–2, Manich requested the enhanced salary at the next opportunity, namely in his 1992 budget. Manich made a timely request after he became aware of his entitlement to an enhanced salary. His failure to make such a request before that time can not be deemed as a waiver because the relinquishment of his right to an enhanced salary was not voluntary or intentional.

Nor, did Manich's silence, acquiescence, or inactivity over the years amount to waiver. The County correctly points out that each year Manich served as county surveyor he had a statutory duty to prepare and submit to the county fiscal body an itemized budget showing in detail the positions for which compensation was being requested including his own salary along with the amounts being proposed. *See* Ind.Code §§ 36–2–5–5, –9 to –11.[1] However, the duty to submit itemized budgets does not at the same time impose upon Manich a duty to request that County carry out its own statutorily mandated responsibility. The mandate is clear and unequivocal. The County "shall fix" a two-tiered salary structure, one for licensed county surveyors and one for non-licensed surveyors; and, the County "shall then determine" whether the county surveyor is either registered or not registered. *See* Ind.Code § 36–2–12–15(b). There is nothing in the statute indicating that the provisions therein are dependant upon the surveyor first requesting an enhanced salary or alerting the County of the surveyor's licensed or unlicensed status. In sum, Manich had no duty to speak or act

1. The foregoing statutes adopted by Acts 1980, P.L. 212 are the latest in a number of amendments and recodifications of Title 17 of the Indiana Code, repealed by Acts 1982, P.L. 127,

Sec. 2(a). For our purposes the relevant provisions have remained essentially the same and do not affect our decision today.

and therefore his silence, acquiescence, or inactivity did not result in waiver. *Union Federal,* 582 N.E.2d at 432.

▉ Also, in the context of a mandamus action, waiver is but one element in the affirmative defenses of laches and equitable estoppel. Mandate is an extraordinary equitable remedy expressly provided by statute and may be prosecuted against public officers to compel the performance of a duty. Ind.Code § 34–1–58–2; *City Of Wabash v. Wabash County Sheriff's Dep't* (1990), Ind. App., 562 N.E.2d 1299. As an equitable remedy, mandamus may be barred by the doctrine of laches. *Irmscher v. McCue* (1987), Ind.App., 504 N.E.2d 1034, 1038. The application of the defense of laches, which rests within the sound discretion of the trial court, consists of three elements: (1) plaintiff's inexcusable delay in asserting a right, (2) plaintiff's implied waiver arising from knowing acquiescence in existing conditions, and (3) prejudice to the defendant due to the delay. *Siddall v. City of Michigan City* (1985), Ind.App., 485 N.E.2d 912, *reh'g denied.* The defense of equitable estoppel contains the additional element of reliance by the defendant. *Id.*

▉ In the case before us, even if we were to impute to Manich knowledge of his right to an enhanced salary, *see Middleton Motors, Inc., v. Indiana Dep't of State Revenue* (1978), 269 Ind. 282, 380 N.E.2d 79 (charging appellant with knowledge of rights and remedies prescribed by statute) and thus imply waiver, County's argument would nonetheless fail because it has not demonstrated prejudice. Unreasonable delay, standing alone, does not constitute prejudice; nor is failure to appropriate sufficient funds where a duty exists to do so sufficient to establish the prejudice prong of the laches and equitable estoppel defenses. *Siddall,* 485 N.E.2d at 916; *City of Indianapolis v. Sherman* (1980), Ind.App., 409 N.E.2d 1202.

County insists, however, that waiver is applicable here and in support cites *State ex rel. Katherine Hamilton Mental Health Center, Inc. v. Clay County* (1985), Ind.App., 474 N.E.2d 127, *trans. denied.* In that case the Mental Health Center filed a mandamus action against the Clay County Council, Commissioners, Auditor, and Treasurer seeking funds pursuant to Ind.Code § 16–16–1–6 for the years 1973 through 1981. The statute provided, in essence and in part, that the County was required to fund the Center at the rate of four cents per hundred dollars of assessed valuation of the taxable property within the county. The Center contended that the County failed to comply with the statutory requirement and therefore an order of mandate to compel compliance was appropriate. The trial court denied the request for mandate and the first district of this court affirmed holding that the Center's failure to make a demand for funding before filing its mandate action resulted in waiver of any rights it may have had under the statute.

According to County, Manich's failure in this case to demand an enhanced salary, similar to the Center's failure to demand increased funding in *Katherine,* requires a denial of the mandate action. We disagree because the facts here are distinguishable. As we have already pointed out, waiver is the voluntary and intentional relinquishment of a known right. *Egnatz,* 581 N.E.2d at 441. In the case before us the record is clear that Manich did not know of his right to an enhanced salary. Thus, he could not have waived the right. In the *Katherine* opinion there was no specific discussion as to whether the Center knew of its right to increased funding. However, waiver could only have occurred if the Center was possessed of such knowledge. Therefore, although the opinion does not discuss the issue directly, apparently knowledge of the enhanced funding was implied. Here, however, we decline to imply knowledge to Manich because the stipulated facts show the contrary.

▉ We also note, in *Katherine* the plaintiff did not make a demand upon defendants for the increased funding at any time prior to filing its mandate action. A demand for an appropriation is a necessary prerequisite for an action in mandate. *Id.* at 129 citing *Tippecanoe County Area Plan Comm'n v. Sheffield Developers, Inc.,* (1979), 181 Ind.App. 586, 394 N.E.2d 176. The purpose of the demand is to allow the public officials the opportunity to perform the act

which the law requires. *Katherine*, 474 N.E.2d at 129. In this case Manich made a demand for the enhanced salary required by statute and only pursued his action in mandate after the County Council deferred action on the demand. The trial court properly determined that Manich was entitled to an enhanced salary under the provisions of Ind. Code § 36–2–12–15. We find no error on this issue.

## II.

County next contends that even assuming the trial court properly determined that Manich was entitled to an enhanced salary, the trial court nonetheless erred in determining that the fifteen-year statute of limitations applied in this case. According to County a five-year limitation period is applicable here. Manich cross-appeals on this issue arguing that a twenty-year limitation period applies.

■ Manich's claim is based on Ind. Code § 34–1–2–2(6) which provides, in essence and in relevant part, that all actions based upon written contracts other than those for payment of money entered before 1982 must be commenced within twenty years after the cause of action has accrued. As Manich correctly points out, whenever governmental employees enter into performance of their duties, a valid written contract is created. *City of Terre Haute v. Brown* (1985), Ind.App., 483 N.E.2d 786, *reh'g denied.* Thus, Manich concludes, because County has breached its written contract he is entitled to compensation covering a twenty-year period.

■ Manich's argument is flawed. He is not a governmental employee. Rather, he is an elected public official. The distinction is significant. An office, as distinguished from an employment, is a position for which the duties are continuing and are created by law instead of contract. *Pike County v. State ex rel. Hardin* (1984), Ind.App., 469 N.E.2d 1188. Thus, it is not by force of contract which entitles an elected official to a salary; rather, the law attaches the salary to the office which the official serves as a mat-

ter of public trust. *See Sherrard v. Board of Comm'rs* (1972), 151 Ind.App. 127, 278 N.E.2d 307, *reh'g denied.* Because Manich is a public official he may not avail himself of the twenty-year limitation period applicable to written employment contracts.

■ Indiana Code § 34–1–2–2(2) dictates in relevant part: "All actions against a sheriff, or other public officer ... growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty, [shall be commenced] within five (5) years." In the case before us the Lake County Council, as the county fiscal body [2], has the statutory duty to fix a two-tiered salary structure for county surveyors, determine whether Manich is either registered or not registered, and then pay him accordingly. The Council failed to comply with the statutory mandate and this action ensued. In our view the council's inaction is clearly a case of public officers engaging in an omission of an official duty. Accordingly, the five-year limitation period applies.

Citing *Bell v. Metropolitan School Dis't* (1983) S.D.Ind., 582 F.Supp. 3, Manich counters the five-year limitation period does not apply because the statute anticipates actions against "public officers" and not "public bodies." *See id.* (holding board of trustees for school district not a public officer within the meaning of I.C. § 34–1–2–2). While respectful of the District Court's opinion we disagree with it. The County Counsel, although a body politic, acts only through its elected public officials. It was the individual members of the council acting in their official capacities who failed to set a two-tiered salary structure for the county surveyor. In like fashion the trial court's order of mandate must be acted upon by the individual members of the council. We conclude that the five-year statute of limitations is applicable in this case.

■ We find support for our conclusion in a well settled principle of statutory construction. When construing a statute this court must give effect to the legislative in-

---

2. Indiana Code § 36–2–3–2, which applies to all counties not having a consolidated city, dictates in relevant part, "The seven (7) member county council elected under this chapter is the county fiscal body. The fiscal body shall act in the name of 'The ___ County Council' ".

tent. In so doing, we must prevent absurdity or a result the Legislature, as a reasonable body, could not have intended. *Guinn v. Light* (1990), Ind., 558 N.E.2d 821. As we discuss below Ind.Code § 34–1–2–3 which is a fifteen-year statute of limitations does not apply in this case. We do not believe the Legislature intended to apply a five-year limitation period to individual public officers acting in their official capacities and at the same time apply a fifteen-year limitation period to public officers acting as a part of an official body. To apply the fifteen-year limitation period to the County Council, in light of the clear provisions of I.C. § 34–1–2–2(2), would result in absurdity.

In arguing their respective positions on the applicable statute of limitations both parties cite *State ex rel. Carpenter v. Ralston* (1914) 182 Ind. 150, 105 N.E. 54 and contend it is not controlling authority. We agree. We discuss *Carpenter* here only because County asserts the trial court relied on that case in reaching its decision.[3]

In *Carpenter,* a bondholder filed an action in mandate against the Governor, Attorney General, Secretary of State and State Treasurer (collectively "State") for redemption of a state bond. The bond called for payment on January 1, 1889, but the mandamus action was not filed until 1911, some twenty-two years after the cause accrued. In defense, the State pleaded a twenty-year and fifteen-year statute of limitations. Judgment was entered in favor of State, and Carpenter appealed arguing that state law then in existence did not give state office holders the authority to plead a statute of limitations as a defense. The court disagreed and indicated "an action for mandamus must ordinarily be brought within 15 years after the cause of action accrues." *Id.,* 105 N.E. at 55.

We first observe that the statutes of limitation in effect at the time of *Carpenter* were essentially the same as those in effect today. Thus, County's argument that the holding in that case is not applicable here because Ind. Code § 34–1–2–2(2) was enacted after *Car-*

*penter* was decided, lacks merit. Rather, *Carpenter* does not control the disposition of the instant case because the issue of which among various statutes of limitation may have been applicable was not squarely before the court. The question in that case was whether a governmental official had the authority to plead as a defense *any* statute of limitations. That issue of course is now well settled. The question we face today is which among the five, fifteen and twenty-year limitation periods are applicable to suits in mandate filed against county officials.

Indiana Code § 34–1–2–3 is a catchall statute providing for either a ten or fifteen-year limitation period, but only where an action is "not limited by any other statute." In that instance "the provisions of [I.C. § 34–1–2–3] shall not apply." As we have already discussed, actions against public officers growing out of a liability incurred by doing an act in an official capacity, or by omission of an official duty is controlled by the five-year limitation period set forth in I.C. § 34–1–2–2(2). Accordingly, the fifteen-year limitation period set forth in I.C. § 34–1–2–3 does not apply in this case. The trial court's judgment to the contrary is erroneous and must be reversed.

### III.

Finally, County argues that Manich is not entitled to prejudgment interest. According to County, the State is not subject to prejudgment interest and as a political subdivision, the County likewise is not subject to such interest.

It is true that the State, based on the principle of sovereign immunity, is not liable for interest on payments due unless it binds itself by contract or statute to pay interest. *Indiana Dep't of Public Welfare v. Chair Lance Service, Inc.* (1988) Ind., 523 N.E.2d 1373. However, County cites no authority in support of its position that a political subdivision is not liable for prejudgment interest. Nor does our own research reveal any such authority. To the contrary, an

---

**3.** In support of its order of mandate the trial judge entered a lengthy, well reasoned and well researched memorandum of law. Although the trial judge concluded that a fifteen-year limita-

tion period applied in this case, contrary to the County's assertion the court's memorandum did not refer to *Carpenter.*

award of prejudgment interest imposed against political subdivisions has been affirmed on numerous occasions. *See Gibson County v. State ex rel. Emmert* (1993), Ind. App., 609 N.E.2d 1179; *Wayne Township v. Lutheran Hosp.* (1992), Ind.App., 590 N.E.2d 1130, *trans. denied; Pike County v. State ex rel. Hardin* (1984), Ind.App., 469 N.E.2d 1188. We find no error here.

■■■ County also contends that prejudgment interest is not appropriate in this case because of a good faith dispute over liability and the amount of damages. We disagree.

■■■ Generally, prejudgment interest is warranted if the damages are ascertainable in accordance with fixed rules of evidence and accepted standards of valuation and the interest may be determined with a simple mathematical computation. *Dale Bland Trucking, Inc. v. Kiger* (1992), Ind. App., 598 N.E.2d 1103, *trans. denied.* An award of prejudgment interest is not considered a matter of discretion. *Id.* Indiana Code § 36–2–12–15 clearly provides that a registered county surveyor is to be paid an amount equal to one and one-half times that of a non-registered surveyor. In this case the parties stipulated the base salary Manich received from 1971 through 1991. The trial court treated this base salary as the amount a non-registered surveyor would have received.[4] Thus, Manich, as a registered surveyor, would be entitled to one and one-half that amount as provided by statute. Because the amount of damages is easily ascertainable by simple mathematical computation the award of prejudgment interest was not erroneous.

For all the reasons set forth herein the judgment of the trial court is affirmed in part and reversed in part and this cause is remanded for further proceedings.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.

---

4. In its memorandum in opposition to Manich's motion for summary judgment the County argued that prior to 1981 the salary for a Lake County Surveyor was controlled by now repealed Ind.Code § 17–3–72–10. That statute provided in essence and in pertinent part that a Class 9 (Lake County) non-registered surveyor was entitled to a salary of $2,400.00. County pointed out that Manich received far in excess of that amount and thus was not entitled to any additional amounts between 1971 and 1981. The County also argued that after the passage of Ind.Code § 36–2–12–15(b) the Lake County Council was no longer directed to establish a minimum salary of $2,400.00 for non-registered surveyors. Thus, the argument continued, while the trial court has the power to mandate that the Lake County Council comply with the statute (ostensibly to set a two-tiered salary structure), the court has no authority to determine a monetary figure for each level of compensation. In essence, the County argued that the stipulated base salary which Manich has been paid since 1981 does not necessarily represent the amount that the Lake County Council would have set as compensation for a non-licensed surveyor. The amount may have been much lower.

While these arguments are compelling and not without considerable merit, County completely abandons them on appeal focusing instead on waiver, statute of limitations, and prejudgment interest. Therefore, the issue is waived for review. *See Stewart v. Walker* (1992), Ind.App., 597 N.E.2d 368, *reh'g denied.*