*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

SECRETARY OF STATE,

        Defendant-Appellee.

FOR PUBLICATION
April 20, 2023
9:10 a.m.

No. 362841
Court of Claims
LC No. 22-000125-MM

Before: O'BRIEN, P.J., and MURRAY and LETICA, JJ.

LETICA, J.

Plaintiff, Robert Davis, appeals as of right the Court of Claims order granting summary disposition in favor of defendant, the Secretary of State, and denying his requests for a writ of mandamus and declaratory relief. Plaintiff sought to remove judicial candidates that defendant certified to appear on the election ballot, alleging that the candidates failed to comply with the statutes governing the criteria for judicial candidacy. Specifically, plaintiff challenged five candidates for the Third Circuit Court in Wayne County in the November 2022 general election, submitting that they failed to comply with affidavit requirements in MCL 168.558. In light of the allegedly deficient affidavits, plaintiff requested that defendant decertify those individuals from the ballot. The Court of Claims concluded that plaintiff failed to establish some of his claimed instances of noncompliance, and although he did prove others, he failed to timely commence suit, such that relief was barred by the equitable doctrine of laches. We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

According to Michigan's Election Laws, MCL 168.1 *et seq.*, a nonincumbent candidate for circuit court in the August 2022 primary election and the November 8, 2022 general election was required to submit to defendant a sufficient number of nominating petitions signed by qualified and registered voters, MCL 168.413(1), while an incumbent circuit court judge could become a candidate by filing an affidavit of candidacy with defendant, MCL 168.413a(1). In addition to those requirements, under MCL 168.558(2), a candidate was required to file an affidavit of identity (AOI) delineating the candidate's name and residential address, the candidate's United States citizenship, the title of the office sought, and the candidate's political party or a statement that the

-1-

candidate was running without political party affiliation.  Further, the candidate was required to specify the term of the office, the date of the election, a statement that the candidate met the constitutional and statutory qualifications for the office sought, the name as the candidate wished it to appear on the ballot, and other information required to satisfy defendant as to the candidate's identity.  *Id*.  Two copies of the AOI must be filed.  MCL 168.558(1).  A sample AOI form, ED-104, with a revision date of August 2019, provides:

Section three of the form has a blank space, under which is written "political party, if a partisan office. if running without party affiliation list 'No Party Affiliation.' "[1] Circuit court judges are nonpartisan. Const 1963, Art VI, § 12.[2]

Incumbent Judge Mark Thomas Slavens (Slavens) submitted an AOI dated December 14, 2021. The AOI contained his name, address, the office name of Third Circuit Court Judge, and the jurisdiction of the office in Wayne County. Slavens also specified the term of office, the date of election, the incumbent nature of the position, and the acknowledgement of the affidavits of candidacy and constitutional qualification. However, Slavens left the form line blank and did not identify a political party or delineate that there was no party affiliation. Defendant recorded that it received the filing on December 21, 2021. Following his submission, Slavens exchanged emails with defendant's representatives indicating that he complied with the statutory candidacy requirements including the submission of two AOIs.[3]

Incumbent Judge Sheila Ann Gibson Manning[4] (Gibson) submitted an AOI dated January 28, 2022. Like Slavens, Gibson's AOI addressed the information demonstrating her qualifications to serve as an incumbent Wayne Circuit Court Judge. But she left line three of the AOI blank and did not identify a party affiliation or specify that she had no party affiliation. Defendant recorded that it received Gibson's filing on February 8, 2022.

Incumbent Judge Kelly Ann Ramsey (Ramsey) submitted an AOI dated March 8, 2022. Consistent with Slavens and Gibson, Ramsey completed the form to present the information demonstrating her qualifications to serve as an incumbent Wayne Circuit Court Judge. Ramsey also left line three of the AOI blank and did not identify a party affiliation or specify that she has no party affiliation. Defendant recorded that it received Ramsey's filing on March 9, 2022.

---

[1] The current version of MCL 168.558(2), as amended by 2021 PA 158, states in part that the "affidavit of identity must contain . . . the candidate's political party or a statement indicating no party affiliation if the candidate is running without political party affiliation." This amendment had an effective date of December 27, 2021.

[2] "Circuit judges shall be nominated and elected at non-partisan elections in the circuit in which they reside, and shall hold office for a term of six years[.]"

[3] At the time Slavens submitted his AOI and its receipt by defendant, the version of MCL 168.558(2) in effect contained no requirement that a candidate identify his political party or provide a statement indicating no party affiliation. Rather, MCL 168.558(2) then read: "An affidavit of identity must contain the candidate's name and residential address; a statement that the candidate is a citizen of the United States; the title of the office sought; a statement that the candidate meets the constitutional and statutory qualifications for the office sought; other information that may be required to satisfy the officer as to the identity of the candidate; and the manner in which the candidate wishes to have his or her name appear on the ballot."

[4] Gibson identified her name as "Sheila Ann Gibson" but requested that her name appear on the ballot as "Sheila Gibson Manning."

Incumbent Judge Patricia Susan Fresard (Fresard) submitted an AOI dated March 15, 2022. Consistent with the other incumbent judges, Fresard's AOI addressed the information demonstrating her qualifications to serve as an incumbent Wayne Circuit Court Judge. Fresard also left line three of the AOI blank and did not identify a party affiliation or specify that she had no party affiliation. Defendant recorded that it received Fresard's filing on March 17, 2022.

Non-incumbent candidate LaKena Tennille Crespo filed an AOI dated April 19, 2022. Crespo acknowledged that she was a non-incumbent and did not file an affidavit of candidacy. Rather, she submitted 6,105 nominating petitions to be qualified for the ballot. Crespo completed line three and addressed the questions of political party or no party affiliation by writing "N/A" in the space provided. Defendant recorded that it received Crespo's filing on April 19, 2022. Thus, by the spring of 2022, all the AOIs were filed by plaintiff's challenged candidates.[5]

On May 6, 2022, plaintiff filed a separate action seeking mandamus against the Highland Park City Clerk and the Highland Park Election Commission, challenging the eligibility of Carlton Clyburn Jr. (Clyburn) to be a candidate for mayor. *Davis v Highland Park City Clerk*, unpublished per curiam opinion of the Court of Appeals, issued June 2, 2022 (Docket No. 361544), slip op at 1-2. Specifically, plaintiff alleged that Clyburn failed to comply with MCL 168.558(2) because he left the space blank where it requested designation of a political party or no party affiliation. Therefore, plaintiff alleged that mandamus relief was warranted because Clyburn had to be excluded from the ballot for his noncompliance with applicable election law. *Id*. at 2-3. This Court granted the request to expedite the appeal and concluded that the trial court erred by failing to grant mandamus relief because Clyburn did not comply with MCL 168.558(2). *Id*. at 2 n 2, 3-4.

Despite plaintiff's involvement in the mandamus action to remove Clyburn under MCL 168.558(2), he did not file the underlying action for mandamus and declaratory relief against the challenged judicial candidates until August 16, 2022, nearly four months after the last AOI was filed by the challenged candidates. Plaintiff's complaint sought (1) a declaratory judgment that the AOIs filed by Fresard, Ramsey, Gibson, and Crespo did not comply with MCL 168.558(2) and that defendant's certification of their names to the Wayne County Election Commission was void and unenforceable as a result, (2) a declaratory judgment that all of the challenged candidates failed to comply with MCL 168.558(1) because they did not submit two copies of their AOIs and that defendant's certification of their names to the Wayne County Election Commission was void and unenforceable as a result, and (3) a writ of mandamus to remove the challenged candidates' names from the list of candidates certified by defendant to the Wayne County Election Commission.

In lieu of an answer, defendant moved for summary disposition. Defendant explained that it had accepted the challenged candidates' AOIs because, at the time, the Bureau of Elections believed that no party affiliation statement was necessary because the judicial candidates were nonpartisan. Defendant recognized that it had, since that time, been ordered to disqualify a candidate for failing to fill out the affiliation line, but defendant declined to apply that order

---

[5] The phrase "challenged candidates" will refer to all five judicial candidates that plaintiff sought to remove from the November 8, 2022 general election ballot.

retroactively to others because the order was not binding precedent, and in any event, there was no mechanism for it to do so.[6] In light of the requirement that defendant certify all proposals and candidates by September 9, 2022, MCL 168.648, a mere 24 days after plaintiff filed his complaint, defendant submitted that laches should apply to bar plaintiff's challenges in this matter. It also alleged that Crespo's affidavit complied with MCL 168.558(2) because the statute did not require any specific wording and "N/A" should be understood as sufficient. Defendant did not address plaintiff's claim that the challenged candidates failed to file two copies of their AOIs.

Slavens submitted an amicus brief, noting that he had executed his AOI on December 14, 2021, and it had been received by defendant on December 21, 2021. At the time of his submission and defendant's receipt, the effective version of MCL 168.558(2), as then amended by 2018 PA 650, did not require any statement regarding party affiliation.[7] He further provided documentation to demonstrate that he had filed the required two copies of his AOI in the form of e-mail correspondence with a representative of defendant. Slavens was the only candidate to address plaintiff's claim that the challenged candidates failed to file the required number of AOI copies. Crespo asserted that she complied with the requirement of MCL 168.558(2) by specifying that it had no application.

The remaining challenged candidates also submitted amicus briefs, asserting that plaintiff lacked standing, that plaintiff was not entitled to mandamus, and that plaintiff's claims should be barred by laches. They also alleged that it was unclear whether, as incumbent judges, they were required to prepare AOIs, citing MCL 168.413a(1). Because judges were inherently nonpartisan under the Michigan Constitution, they urged an interpretation of MCL 168.558(2) that applied only to persons running for partisan offices without a political affiliation. And, they contended that any interpretation to the contrary should be applied prospectively only, not retroactively. Finally, they submitted that this action should be barred because plaintiff had filed parallel litigation against them.

In response to the position proffered by defendant and the challenged candidates, plaintiff alleged that the doctrine of laches should not apply because defendant had "unclean hands," the ballots had not yet been printed, and defendant would not suffer any prejudice. He submitted that he had a proper reason for delaying the filing of his complaint in this matter: he wanted to see how his other lawsuits were decided before commencing another action involving the same legal arguments. Plaintiff contended that only Slavens tried to dispute his claim that the challenged candidates failed to file two copies of their AOIs and that nothing submitted by Slavens demonstrated statutory compliance. Plaintiff alleged that Crespo's AOI did not comply with MCL 168.558(2), because the statute required her to state "no party affiliation," and the acronym "N/A" was commonly understood to mean "not applicable." Finally, he claimed that this matter

---

[6] Defendant also noted that, plaintiff had filed another action two weeks before commencing the litigation against the challenged candidates, in which the Court of Claims noted that the application of laches was a "close call." See *Belcoure v Secretary of State*, Court of Claims Case No. 22-000117-MB.

[7] Plaintiff never alleged that Slavens violated MCL 168.558(2).

was not barred by his other pending litigation because those actions involved different defendants and sought contrasting relief.

The Court of Claims dispensed with oral argument and issued a written decision on September 2, 2022.[8] It acknowledged that it made little sense for nonpartisan candidates to make an affirmative declaration that they lacked party affiliation, but the statute nevertheless required them to do so. The Court of Claims rejected plaintiff's party-affiliation arguments regarding Crespo and Slavens, in turn concluding that "N/A" was sufficient because the statute did not require any particular language, and the version of the statute in effect when Slavens filled out and filed his AOI did not require a statement of no party affiliation. It also concluded that Slavens had provided evidence showing he had filed two copies of his AOI and plaintiff failed to contradict that evidence. Accordingly, the Court of Claims entirely rejected plaintiff's argument that Slavens and Crespo failed to comply with MCL 168.558(2).

But the Court of Claims concluded that Fresard, Gibson, and Ramsey filed defective AOIs because they were required to make an affirmative declaration of no party affiliation and failed to do so. The Court of Claims never addressed the issue of how many copies of their AOIs were filed. Nevertheless, the Court of Claims also concluded that plaintiff was not entitled to mandamus or declaratory relief. It noted that plaintiff had raised the same challenge to an AOI in another matter months earlier that alerted the candidate to the issue of deficiencies in an AOI. In contrast, plaintiff failed to act with diligence in this matter, having waited approximately four months after the last AOI was submitted and having failed to contact any of the challenged candidates in advance. The Court of Claims also concluded that defendant, Fresard, Gibson, and Ramsey would be prejudiced by a ruling in plaintiff's favor in light of plaintiff's dilatory conduct despite the clear statutory mandate of MCL 168.558(2), stating:

> Each candidate here submitted their AOI in late 2021 or early 2022. The last incumbent AOI (Fresard's AOI) was submitted on March 17, 2022. And Crespo (a nonincumbent) submitted her AOI on April 19, 2022. But [plaintiff] waited to seek relief in [the Court of Claims] until mid-August 2022-about four months after the last AOI was submitted. [Plaintiff] did not contact defendant in advance[.] [Plaintiff] points out that he filed an earlier action in the Third Circuit Court in late July 2022, but this was still months after the candidates filed their AOIs. [Plaintiff] offers no explanation for his delay, leading [the Court of Claims] to the conclusion that [plaintiff] simply sat on his hands for months.

---

[8] The Court of Claims consolidated two other actions, 22-000141-MZ and 22-000143-MZ, in which, taken together, Slavens, Fresard, Ramsey, and Gibson had sued for declaratory and injunctive relief on the same set of facts. No appeal from either of those cases is pending in this Court. We infer from the Court of Claims' order that 22-000141-MZ was a claim for declaratory and injunctive relief by Slavens, which the trial court granted in its entirety; and 22-000143-MZ was a claim for declaratory and injunctive relief by Fresard, Ramsey, and Gibson, which the trial court granted in part, limited to its determination that plaintiffs failed to establish entitlement to mandamus or other relief.

The Court further concludes that allowing the matter to proceed despite [plaintiff's] dilatory conduct would result in undue prejudice to defendant and staff, who would have to expend significant additional time and resources overseeing the revision of new ballots in one of Michigan's most populous counties. More specifically, [defendant] must inform the counties of which candidates will appear on the ballot by September 9, 2022, and must print absentee ballots by September 24, 2022. A ruling in [plaintiff's] favor would require [defendant's] office to alter its election planning at the eleventh hour or, frankly, given the realities of how long any reasonable appellate review would take, at the thirteenth hour. The Court similarly recognizes the prejudice to the candidates, who have expended significant time, energy, and resources on their campaigns. Lastly, the Court observes that the failure to state affirmatively that a judicial candidate is running without a partisan designation has little practical import to electors as a judicial candidate cannot—by operation of law—run as a partisan. All of these considerations weigh against any equitable relief for plaintiff.

Although [the] Court cannot, and will not, ignore the Legislature's clear directive in MCL 168.558(2) . . . the relief requested by [plaintiff] is an extraordinary one, and to be entitled to such relief, [plaintiff] needed to act with much more diligence than he did here. The Court will exercise its equitable authority and, under the doctrine of laches, it will decline to order a writ of mandamus or other similar relief to [plaintiff].

Accordingly, the Court concludes that [plaintiff's] challenge to Fresard's, Gibson's, and Ramsey's AOIs is barred by the equitable doctrine of laches. [Plaintiff's] challenges to Crespo's and Slavens's AOIs fail on their merits.

When the Court of Claims rendered its decision, defendant was required to certify candidates within seven days or by September 9, 2022, MCL 168.648, and absentee ballots had to be printed in 22 days or by September 24, 2022. Plaintiff filed this claim of appeal on September 2, 2022, and contemporaneously moved for immediate consideration and to expedite the appeal. This Court denied plaintiff's motion to expedite. *Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 6, 2022 (Docket No. 362841). Plaintiff then filed an interlocutory application for leave to appeal in our Supreme Court, which it denied. *Davis v Secretary of State*, ___ Mich ___; 979 NW2d 202 (2022). In this Court, plaintiff renewed his motion to expedite the appeal and moved for a stay, but we denied both motions. *Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 20, 2022 (Docket No. 362841).

The general election took place on November 8, 2022. Judges Fresard, Ramsey, Gibson, and Slavens won re-election. Crespo was not elected as a Wayne County circuit judge.

## II. STANDARDS OF REVIEW

The interpretation and application of statutes, rules, and legal doctrines are reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

In an action seeking mandamus and declaratory relief, the plaintiff bears the burden of proof. See *Gracey v Grosse Pointe Farms Clerk*, 182 Mich App 193, 203; 452 NW2d 471 (1989). Although equity cases are themselves reviewed de novo, as is the applicability and interpretation of equitable doctrines, the propriety of the actual relief granted by the trial court is strictly discretionary and depends on the facts of the particular case. *Tkachik v Mandeville*, 487 Mich 38, 44-46; 790 NW2d 260 (2010). A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW 2d 809 (2006).

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Houston v Mint Group, LLC*, 335 Mich App 545, 557; 968 NW2d 9 (2021). Although defendant's motion for summary disposition was brought under MCR 2.116(C)(8) (failure to state a claim upon which relief can be granted), the Court of Claims clearly considered materials beyond the pleadings, so the motion must be considered to have been granted under MCR 2.116(C)(10). See *Cary Investments, LLC v City of Mount Pleasant*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 356707); slip op at 3-4. Summary disposition is appropriate under MCR 2.116(C)(10) where there is "no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition challenged under MCR 2.116(C)(10), the court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence then filed in the action or submitted by the parties in the light most favorable to the nonmoving party. MCR 2.116(G)(4), (G)(5); *Buhl v City of Oak Park*, 507 Mich 236, 242; 968 NW2d 348 (2021).

III. ANALYSIS

A. MOOTNESS

The parties contest whether this Court may address the merits of the litigation, disputing whether the completed election and certification of the results renders the issues moot.

Mootness is a threshold issue that must be addressed before any substantive issues in a case. *Can IV Packard Square, LLC v Packard Square, LLC*, 328 Mich App 656, 661; 939 NW2d 454 (2019). Courts typically refrain from deciding issues that are moot when "it is impossible for the court to craft an order with any practical effect on the issue." *Moore v Genesee Co*, 337 Mich App 723, 726-727; 976 NW2d 921 (2021).

In this case, plaintiff sought to remove the placement of challenged candidates on the ballot for the November 2022 election, which has, undisputedly, now passed. The fact that the 2022 election is a historical event presumptively renders plaintiff's challenges moot. *Barrow v Detroit Election Comm*, 305 Mich App 649, 659; 854 NW2d 489 (2014). But legal questions affecting election ballots, such as AOI requirements, are the classic example of an issue that the courts will nevertheless review as matters of public significance that are likely to recur yet evade judicial

review.  See *Moore*, 337 Mich App at 726-727.  Because this issue may recur, but evade judicial review, we will address the merits of plaintiff's challenge.[9]

B.  LACHES

Plaintiff contends that the Court of Claims erred in applying laches to bar his requested mandamus and declaratory relief after it concluded that Fresard, Gibson, and Ramsey failed to submit AOIs in compliance with MCL 168.558(2).  We disagree.

Mandamus is a legal remedy, but mandamus proceedings are essentially equitable in principle.  *Franchise Realty Interstate Corp v Detroit*, 368 Mich 276, 279; 118 NW2d 258 (1962); *McRae v Auditor General*, 146 Mich 594, 596; 109 NW 1122 (1906).  A writ of mandamus is the appropriate remedy for a party seeking to compel action by election officials.  *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 248; 896 NW2d 485 (2016).  It is an extraordinary remedy, and the plaintiff bears the burden of demonstrating entitlement to the requested relief.  *Id*. at 249.  The decision to issue a writ of mandamus rests in the sound discretion of the court.  *Id*. at 248-249.  Declaratory relief is also equitable in nature, and a remedy best left to the discretion of the court.  *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 221; 761 NW2d 293 (2008).

Laches is an equitable tool that may be used to remedy the inconvenience or prejudice caused to a party because of an improper delay in asserting a right.  *Public Health Dep't v Rivergate Manor*, 452 Mich 495, 507; 550 NW2d 515 (1996).  The issue of whether relief will be withheld on the basis of laches is contingent upon the facts and circumstances of the particular case.  *Henderson v Connolly's Estate*, 294 Mich 1, 19; 292 NW 543 (1940).  When no acceptable explanation is proffered for a plaintiff's delay, a plaintiff's requested relief should be barred by unexcused laches.  *Id*.  Rather equity will aid the vigilant, not those that slumber on their rights.  *Id*.  The purpose of the rule is to promote diligence, discourage laches, and prevent the enforcement of stale demands.  *Id*.  As the Court of Claims observed, legal challenges that affect elections are especially prone to causing profound harm to the public and to the integrity of the election process the closer in time those challenges are made to the election, making laches especially appropriate to apply in such matters.  *Purcell v Gonzalez*, 549 US 1, 4-6; 127 S Ct 5; 166 L Ed 2d 1 (2006); *New Democratic Coalition v Secretary of State*, 41 Mich App 343, 356-357; 200 NW2d 749 (1972).[10]  "[E]lections require the existence of a reasonable amount of time for election officials to comply with the mechanics and complexities of our election laws."  *Id*. at 356.  "Courts can reasonably endeavor to avoid unnecessarily precipitate changes that would result in immense administrative difficulties for election officials."  *Id*. at 357.

---

[9] We are aware that 2023 HB 4076 is pending and would amend MCL 168.558(2) to require that only candidates seeking nomination or election to a partisan office must designate their political party or state that they have no party affiliation.

[10] Although published decisions of this Court issued prior to November 1, 1990, are not strictly binding on this Court, all published decisions of this Court are precedential under the rule of stare decisis and generally should be followed.  *In re Guardianship of Bazakis*, ___ Mich App ___, ___ n 4; ___ NW2d ___ (2022) (Docket No. 358276); slip op at 5 n 4, lv pending.

Plaintiff challenges the propriety of applying laches in this case. Specifically, he submits that laches is unavailable to defendant because it has "unclean hands." A defendant who has acted inequitably or in bad faith may not avail itself of the equitable doctrine of laches. *Attorney General v Thomas Solvent Co*, 146 Mich App 55, 66; 380 NW2d 53 (1985). Equity does not require complete blamelessness, but rather that a party has not acted in bad faith regarding the matter in which relief is sought; furthermore, it should take into account possible injury to the public. *Precision Instrument Mfg Co v Automotive Maintenance Machinery Co*, 324 US 806, 814-815; 65 S Ct 993; 89 L Ed 1381 (1945).

Plaintiff submits that defendant has unclean hands because it "acted in violation of law" by failing to enforce MCL 168.558(2) in accordance with the Court of Claims' interpretation. But this case raised a challenge to statutory language, a question of law. *GMAC LLC v Dep't of Treasury*, 286 Mich App 365, 380; 781 NW2d 310 (2009). The duty to interpret and apply the law belongs to the courts. *Id*. Moreover, defendant explained that it did not require a statement of no party affiliation be placed on the AOI form because judicial offices by their nature are nonpartisan and not as an act of defiance of the statutory law.[11] Plaintiff has not shown that defendant engaged in the kind of misconduct that would constitute "unclean hands."[12]

---

[11] Defendant further proffered that it would apply the legal interpretations rendered by the courts during the next election cycle by rejecting AOIs that did not comply with MCL 168.558(2) in accordance with those legal opinions and notifying candidates of the deficiency.

Additionally, we note that three Michigan Supreme Court justices have expressed serious concerns about the clarity and applicability of the statement-of-party-affiliation requirement in MCL 168.558(2), whether it should apply to intrinsically nonpartisan candidates, and whether legislative action is warranted. See generally *Davis v Highland Park City Clerk*, 509 Mich 1029, 1029-1030; 974 NW2d 550 (2022) (WELCH, J., joined by BERNSTEIN, J., dissenting); see also *Davis v Highland Park City Clerk*, ___ Mich ___, ___; 979 NW2d 202 (2022) (VIVIANO, J., concurring, and WELCH, J., joined by BERNSTEIN, J., dissenting); slip op at pp 3-10. These orders did not reach a substantive holding and do not constitute binding precedent. See *Woodring v Phoenix Ins Co*, 325 Mich App 108, 115; 923 NW2d 607 (2018). In the absence of binding authority, this Court is free to regard a single justice's opinion as persuasive. See *Summers v Detroit*, 206 Mich App 46, 50; 520 NW2d 356 (1994). At a minimum, the separate opinions by Justices Viviano and Welch suggest that defendant did not hold a clearly unreasonable belief that the challenged candidates' AOIs were facially proper. In other words, defendant was not trying to evade the law, but rather honestly believed it was following the law.

[12] We affirm the Court of Claims' determination that laches barred plaintiff's request for extraordinary equitable relief in the form of mandamus or declaratory judgment in light of the facts and circumstances of this case. Plaintiff acknowledged that he was aware of legal interpretations of MCL 168.558(2) addressing AOIs and party affiliation and did not promptly act because he wanted to wait until his other legal challenges resolved. This was not an acceptable explanation for the delay. *Public Health Dep't*, 452 Mich at 407 (quotation marks and citation omitted) ("The doctrine of laches is a tool of equity that may remedy the general inconvenience resulting from delay in the assertion of a legal right which it is practicable to assert."); *Henderson*, 294 Mich

Furthermore, plaintiff has also not shown that defendant's conduct stymied plaintiff's ability to commence this action sooner. See *Thomas Solvent Co*, 146 Mich App at 66 (the defendant could not avail itself of laches because it repeatedly refused to conduct tests reasonably requested by the plaintiff that would have revealed contamination caused by the defendant at an earlier date). This was also not a case in which the challenged candidates were *substantively* ineligible to hold office and falsified their AOIs, see *Davis v Chatman*, 292 Mich App 603, 619-622; 808 NW2d 555 (2011), and where defendant actually found any falsification. In addition, the public would suffer no real harm as an affirmative declaration of no party affiliation, while mandatory, has little practical effect when a judicial candidate must appear on the nonpartisan portion of the ballot. In short, plaintiff misapprehends what "unclean hands" means, and the trial court did not err by refusing to apply it to preclude defendant from availing itself of the doctrine of laches.

Plaintiff further alleges that laches cannot apply because equitable doctrines are inapplicable where a remedy is provided by statute, citing *Gleason v Kincaid*, 323 Mich App 308, 318; 917 NW2d 685 (2018). However, "the Michigan Election Law does not set forth any explicit procedure for resolving challenges to AOIs." *Moore*, 337 Mich App at 732. And because mandamus and declaratory relief are themselves equitable in nature, there is no sound basis for concluding that equitable defenses, including laches, should not apply.

Lastly, plaintiff submits that the Court of Claims was required to either apply the doctrine of laches to bar his entire lawsuit or to refrain from invoking laches at all. The law, however, favors determinations on the merits, *Alken-Zeigler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999), and courts are free to address any or all of the parties' arguments in rendering their decisions. Consequently, the Court of Claims was entitled to render a determination regarding laches and also address whether Slavens's and Crespo's AOIs complied with the MCL 168.552. This claim of error has no merit.

## C. TWO AFFIDAVITS OF MERIT

Plaintiff alleges that the Court of Claims erred by failing to determine that the challenged candidates did not submit two copies of their AOIs as required by MCL 168.558(1). We disagree.

Mandamus is an extraordinary remedy, and the plaintiff bears the burden of demonstrating entitlement to the requested relief. *Attorney Gen*, 318 Mich App at 249. The plaintiff also bears the burden of establishing entitlement to declaratory relief. *Gracey*, 182 Mich App at 203. In the nearly four-month period between the filing of the AOIs by the challenged candidates and plaintiff's filing in the Court of Claims, there is no indication that he inquired of or sought from defendant an affidavit by its employees attesting to the number of AOIs each challenged candidate

---

at 19. Therefore, applying laches was appropriate because equity will aid the vigilant, not those that slumber on their rights. *Id*.

submitted and whether they complied with MCL 168.558(1). Plaintiff simply failed to meet his burden of proof.[13] This claim of error does not entitle him to appellate relief.

## D. CRESPO AOI "N/A"

Lastly, plaintiff contends that Crespo's designation of "N/A" on the AOI failed to comport with MCL 168.558(2) because it did not specifically state "no party affiliation." We disagree.

"The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Briggs Tax Serv, LLC v Detroit Pub Sch*, 485 Mich 69, 76; 780 NW2d 753 (2010). The plain language of the statute presents the most reliable evidence of legislative intent. *Id*. If the language of a statute is clear and unambiguous, the courts presume that the Legislature intended the meaning plainly expressed in the statute. *Id*.

At the time Crespo filed her AOI, MCL 168.558(2) provided, in pertinent part, that an AOI must contain "the candidate's political party or a statement indicating no party affiliation if the candidate is running without political party affiliation." The Court of Claims determined that "N/A" commonly referenced "not applicable" and satisfied MCL 168.558(2). Although plaintiff submits that Crespo was required to state "no party affiliation," the plain language of MCL 168.558(2) did not require any specific terms be utilized to satisfy the criteria. Accordingly, the Court of Claims did not err.

Affirmed.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Christopher M. Murray

---

[13] Plaintiff submits that the documentary evidence submitted by Slavens was insufficient to demonstrate compliance with MCL 168.558(1). Again, plaintiff failed to present any evidence to demonstrate noncompliance and entitlement to mandamus or declaratory relief.